## STATE ex COMMERCIAL INVESTORS CORPORATION v CURRY, Etc, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13705.   Decided Oct 22, 1934

Boyd, Brooks & Wickham, Cleveland, for plaintiff in error.

Frank T. Cullitan, Cleveland, and Henry S. Brainard, Cleveland, for defendant in error.

RICHARDS, J, (6th Dist) LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

## OPINION

By LEMERT, J.

The real estate or property in question in this case was one of a total number of properties, seventeen in number, extending from East 97th Street to East 89th Street, the relator's property being situated on East 93rd Street.

An examination of the statutes governing the rights and duties of County Commissioners, in connection with the statutory provisions permitting the County Commissioners to abandon an improvement and those prohibiting them from paying for one parcel until all are secured, is to recognize the wisdom of such legislative requirement that the county shall determine the cost of the entire project without incurring liability for single parcels before finally determining whether or not it will proceed with the improvement. Surely the declared public policy with respect to such improvements is clear that the county shall not take on be required to take parcels which have no utility except in connection with a complete project.

Sec 6869 GC specifically provides that no property shall be taken, however, until all compensation and damages are paid or the amount allowed is deposited with the court. Since there was no payment and no deposit, it must be conceded that the statute absolutely prohibits the taking and paying for a separate parcel.

Keeping in mind that the instant action is one in mandamus, the granting of a writ of mandamus is always discretionary with the court and may be denied even though there might be a legal right to the writ. This principle applies with much greater force when the granting of the writ would be detrimental to the public interests. The discretion which a court may exercise in such cases is not an arbitrary discretion, but a judicial or legal one to be exercised on established principles and in accordance with well settled rules of law and where under these rules a clear right to the issuance is shown, it is an abuse of discretion for the court to deny the application of the writ, but the court in the exercise of its discretion may and should take into consideration a wide variety of circumstances in determining whether the writ should issue. In such cases the interest of the general public would be considered in determining whether or not the writ should issue and the writ may be refused where such interest would be injuriously affected.

We are of the opinion that the plaintiff in this case has misconceived its remedy if it has any, and if it has any remedy it would be in an action for damages for breach of contract.

In the case of **State ex Bradley v County Commissioners of Cuyahoga County** report-

ed in Ohio Bar, May 21, 1934, the Supreme Court in the second syllabus said:

"Mandamus will not lie to compel the County authorities to pay the amount agreed upon for the purchase of land and for damages where the County Commissioners refuse to proceed with the contract and the injuries for which the damages were to be paid have only partly accrued. In such case the remedy is in damages for breach of contract."

We are of the opinion that an award such as was made in the instant case is not an offer which may be ripened into a contract by acceptance, but merely constitutes the amount which the county is willing to pay when and if the improvement is to be completed. That a road opening proceeding involves one complete project rather than the acquiring of separate parcels of land and that the County Commissioners are prohibited from acquiring or paying for separate parcels of land and may not pay for any of such property until all necessary parcels may be secured at an aggregate price satisfactory to the County Commissioners. We believe it to be in harmony with a sound public policy that all legal questions as to the right to establish a road and all questions as to the aggregate cost of the property needed for the entire improvement be determined before the county pay for or incur an obligation to take any property involved in the proposed project and that the net effect of all these provisions is to demonstrate clearly that the making of the award is one of the special steps in the appropriation proceedings and in the determination of the cost of the project, and that the acceptance of said award does not create a binding contract but only an expression of satisfaction that the amount be paid if the improvement goes forward.

We are, therefore, of the opinion that the granting of a writ herein would be in direct violation of the statutes governing this case. It, therefore, follows that the action of the trial court in granting defendant's motion and dismissing the petition and entering judgment for the respondents should be and the same is hereby affirmed. Exceptions may be noted.

RICHARDS and MONTGOMERY, JJ, concur.