**STATE, ex rel BEANE, Plaintiff v. KREBS et, Defendants.**

Court of Appeals, Second District, Montgomery County.

No. 1834.  Decided January 15, 1945.

C. J. Brennan, Dayton, for plaintiff.
M. J. Gilbert, Dayton, for defendant.

NICHOLS, J., of the 7th Appellate District sitting in place of Barnes, P. J.

## OPINION

By HORNBECK, J.

This is an action for a writ of mandamus commanding the defendants to comply with their duty, as provided in Section 44 of the Charter of the City of Dayton, Ohio, to accept the bid of plaintiff, Wall, Cassel and Groneweg, certified public accountants, to make a continuous audit to which we will hereafter refer more at length.

Averments of the petition material to a determination of the question for adjudication are that Section 44 of the Charter of the City of Dayton, is as follows:

"Section 44. The Commission shall cause a continuous audit to be made of the books of account, records, and transactions of the administrative departments of the City. Such audit, during each fiscal year shall be made by one or more certified public accountants who hold a certificate issued by the State Board of Accountancy of Ohio or by a State maintaining an equal standard of professional requirements, which entitles the holder of such certificate to an Ohio certificate. The duties of the auditor or auditors so appointed shall include the certifications of all statements required under Section 78 of this Charter. Such statements shall include a general balance sheet, exhibiting the assets and liabilities of the City, supported by departmental schedules, and schedules for each utility publicly owned or operated; summaries of income and expenditure, supported by detailed schedules; and also comparisons, in proper classifications, with the last previous year. The report of such audit for each previous year shall be printed and a copy thereof furnished to the Ohio State Bureau of Inspection and Supervision of Public Offices, to each member of the Commission and to each citizen who may apply therefor; and a condensed summary thereof shall be published in the manner provided by the Commission."

That the city of Dayton by its City Commission observed the requirements of said section by keeping a continuous audit to be made, as therein provided, annually, until 1928 at which time it was discontinued; that, pursuant to a resolution of the said commission on Feb. 2, 1944, the said commission invited bids from certified public accountants in the city of Dayton for the making of the audit provided in Section 44 and that in response thereto the firm of Wall, Cassel and Groneweg, submitted its bid for such an audit at a cost of at least $12,000 nor more than $15,000 annually; that

said bid was the sole and only bid received; that it was rejected by the commission and said commission has declined and now declines to accept said bid and comply with the provision of Section 44 of the Charter of the City of Dayton.

The defendants answer and set up three defenses, the first of which admits all facts in the petition set forth except "as hereinafter denied".

The second defense asserts that the annual audit provided in Section 44 of the charter was discontinued upon determination "that the audit regularly made by the Bureau of Inspection and Supervision of Public Offices of the State of Ohio, pursuant to the requirements of law, of the fiscal affairs of the said City of Dayton, Ohio, was in all respects an adequate audit"; that "the hiring of private accountants to make a regular and continuous audit **would be substantially a duplication of the work regularly performed by the said State Bureau of Inspection and Supervision of Public Offices** and consequently a waste of large amounts of the public funds of said City." (Emphasis ours)

The third defense is that the sole bid received by the Commissioners for such continuous audit as that referred to in the petition "is grossly disproportionate to whatever good or value might be derived from such a duplicating audit and that accordingly said bid was by them rejected".

The fourth defense sets up at length the provision of §§274 to 291 GC inclusive, and, particularly, §284 GC providing that an inquiry be made by the Bureau of Inspection and Supervision of Public Offices for the State of Ohio "into the methods, accuracy, and legality of accounts, records, files and reports of the office, whether the laws, ordinances and orders pertaining to the office have been observed, and whether the requirements of the said Bureau have been complied with". Further authority of said Bureau is set out and, in substance, it is that the uniform system of inspection and audits of the fiscal affairs of Ohio cities set up under constitutional grant and legislative authority is the exclusive, legal method for the performance of said function and that Section 44 of the Charter of the City of Dayton is an encroachment upon the powers and duties of the said Bureau of Inspection and Supervision of Public Offices and that Section 44 of the Charter of the City of Dayton is invalid.

For further answer defendant Commissioners state that at the time of submitting said bid, and together with it, the said firm of certified public accountants also submitted to them a proposal for "a survey or review of accounting pro-

cedures and the preparation of financial statements of the City of Dayton. Said Commissioners deem it to be in the public interest that they be free to authorize supplemental auditing of the financial affairs of said city when, as, and if, in their judgment, the welfare of the said City makes such an audit proper and desirable. They are, however, by reason of the recitals heretofore by them made, in serious doubt as to whether such action by them would under the laws of the State of Ohio be proper".

The answer prays that the prayer of the petition be denied and for a declaratory judgment on the question therein propounded.

The parties submitted the cause on the pleadings and an agreed statement of facts, many propositions of which are confirmatory of the respective allegations of the petition and answer. We refer particularly to propositions 6, 7 and 10 of said statement as significant in the determination of the right to the writ of mandamus.

"6. That the local audit as called for by Section 44 of the said charter was discontinued in 1928 by the then City Commission, after a thorough study of the question and in consequence of its conclusion that the audit by the State of Ohio was adequate, that any further audit was unnecessary and that any expenditure therefor, especially an expenditure so substantial as required, would be a waste of public funds.

7. That a local audit has never been resumed for the reason that each successive City Commission in office continuously since 1928, after due and careful consideration, arrived at the same conclusion.

10. That after a full and careful consideration, defendant Commissioners, by vote of its majority, determined that the making of such an audit would be substantially a duplication of the service now regularly performed by the Bureau of Inspection and Supervision of Public Offices of the State of Ohio and, therefore, a waste of public funds, and the said bid was for that reason thereupon rejected."

The net effect of the subject matter of these quoted propositions is that an administrative body, namely the City Commission of the City of Dayton has construed Section 44 as requiring a duplication of the audits of the financial affairs of the City of Dayton made regularly by the Bureau of Inspection and Supervision of Public Offices of the State of Ohio under the state laws. Such an interpretation covering a long period of time must be given some weight with a court which has under consideration the construc-

tion of Section 44 of the city charter, if such construction can be adopted under the language of the section. **37 O. Jur. 698.**

It is our judgment, that under the agreed statement of facts and upon the averments of the second defense of the answer to which no reply has been filed, it may be held that Section 44 requires substantially the same inspectional procedure and audit of the fiscal affairs of the City of Dayton as is provided by the applicable sections of the General Code under which the Bureau of Inspection and Supervision of Public Offices operates, which service it performs and the result of which it makes available to defendant board.

This then brings us to the nice question for determination, namely, does the fact that the City Commission now receives by action of the Bureau of Inspection and Supervision of Public Offices substantially the same results as would be obtained upon observation of the letter of Section 44 establish a defense to the averments of the petition and the language of the section. It is our judgment that it is a defense although the provisions of Section 44 that the Commission shall cause a continuous audit to be made are mandatory.

There is authority to the effect that a court may not refuse to grant the writ of mandamus where under the law there is a mandatory obligation to do that which the writ seeks to accomplish. For instance, the right of a stockholder to inspect the books of a corporation. Weihenmayer vs. Bitner, Secretary, etc. (Md.) 45 L.R.A. 446 and Note. Kuhback v Irving, Cut Glass Co. (Pa.) 20 L.R.A. (N.S.) 185 and Note.

However, the general principle governing mandamus is that it is a summary and extraordinary writ the issuance of which is in the sound discretion of the court and "although mandamus is classified as a legal remedy its issuance is largely controlled by equitable principles, and the writ may be refused for reasons comparable to those which would lead a court of equity in the exercise of its sound discretion, to withhold its protection of an undoubted legal right". 34 Am. Jur. 829, **State ex rel. Investors Corp. v Curry, 50 Oh Ap. 248.** "Under the guise of enforcing a public right, the writ will not issue if in fact it will operate to the detriment rather than to the benefit of the general public." 34 Am. Jur. 831, and cases there cited.

The discretion in granting the writ should be broad

enough to support the refusal to grant the writ in the situation here presented. To grant the relief would require a duplication of effort to accomplish the same result as the State audit at a regular annual cost to the city of a substantial sum of money.

We, therefore, deny the writ upon the one proposition that our discretion in the situation here appearing is sufficient to support such action. It will be so ordered.

Upon the fourth defense of the answer to the effect that Section 44 of the charter is invalid, we find against the defendants.

Upon the question propounded by the answer we have serious doubts if such an issue is made as is contemplated by the Declaratory Judgment Act. It is doubtful indeed if there is any dispute disclosed by the record. See **Hammontree v Hawley, 40 Abs. 483.** We will, however, express an opinion as it may be helpful.

The factual development on the question is not as complete as is desirable. There is little more than a mere statement by caption of that which the defendant desires to do, namely, to conduct "a survey or review of accounting procedures and the preparation of financial statements of the City of Dayton". Insofar as the preparation of financial statements of the City of Dayton is concerned, Section 44 affords sufficient authority for such procedure. The mere fact that this court will not require the Commission to do that which it is authorized to perform under the Section would not preclude its action thereunder if it desired to adopt any or all of the procedure therein prescribed. As "to a survey or review of accounting procedures", we find nothing in Section 44 which will support such action. We are satisfied that under Section 78 the Director of Finance could, within reasonable limits, be provided with funds for the purpose of a survey or review of accounting procedures, in so far as it would be of advantage in effectuating the provisions of the section, namely, of devising and maintaining for the city adequate records to detail financial transactions. This expression of opinion is not more specific because the question as propounded is general and not specific.

An entry may be prepared in accordance with this opinion.

GEIGER, J., and NICHOLS, J., concur.