Zimmerman, J.
 

 Counsel for the defendants do not seriously urge that the verdict cannot be supported as concerns the questions of negligence and proximate cause. Evidence presented by plaintiff was to the effect that the motor truck of the Maher Beverage Company was traveling north on U. S. route' 23 at a rapid rate of speed, closely followed by the heavily loaded motor truck of Erskine. As these vehicles approached intersecting state route 281, the Maher truck reduced its speed and without warning swerved to the left and then to the right in an attempt to make a right-hand turn onto route 281. The Erskine truck collided with the Maher truck and turned over onto the automobile in which plaintiff was riding, which automobile was then proceeding southwardly on its proper side of the road on U. S', route 23.
 

 At the time, the drivers of both motor trucks were engaged in the business of their respective employers and no claim is raised as to any contributory negligence on the part of plaintiff.
 

 Upon the oral argument of this case, the error most strongly relied upon by both defendants related to the selection and impanelling of a jury.
 

 
 *248
 
 On the opening day of the trial, during the selection of a jury, the judge presiding made an observation from which the inference might be drawn that an insurance company or companies were interested in the litigation. Counsel for both defendants objected to the judge’s statement and counsel for the Maher Beverage Company moved for a discharge of the panel and a continuance of the case.
 

 After a recess, the court said:
 

 “There is a motion before the court to discharge the jury. That motion will be treated by this court as one to set aside the present array of jurors now in the courtroom and the case will be continued until 1:00 o’clock. The present prospective jurors are ail excused, and those who are presently in the courtroom are excused. The sheriff is instructed to select tales-men to fill the panel at 1:00 o’clock.”
 

 The objections registered to such order of the court were overruled.
 

 It is the position of the defendants, who are the appellants here, that the court acted erroneously in setting aside the array of jurors, because under Section 11419-50, General Code, this can be done only where the array is not drawn and summoned according to law or where the officer executing the venire fails to proceed as prescribed by law.
 

 From such premise, the argument continues that since the court did discharge the array or panel, the only authorized procedure thereafter, in conformity with Section 11419-28, General Code, was to order an additional number of jurors drawn by the commissioners for service in the case, and that since the whole array was discharged there was no nucleus left which would permit the summoning of talesmen under Section 11419-46, General Code, and consequently, the
 
 *249
 
 procedure followed by the court was irregular and unlawful and worked to the prejudice of the defendants.
 

 In the first place, we doubt whether the statutes, as now worded, relied on by the defendants, warrant the construction placed on them. A perusal of the sections of the General Code dealing with the subject will demonstrate that they are not as clear and definite as could be desired. However, Section 11419-46, General Code, apparently sanctions the summoning of talesmen when an array is set aside
 
 for any
 
 cause.
 

 In the second place, the record does not show affirmatively that the entire array of jurors was discharged. Certainly the language of the court considered as a whole had reference to those prospective jurors who were in the bos and in the courtroom. Whether there were others of the array outside the courtroom in the courthouse or elsewhere, is not disclosed.
 

 In the absence of a clear showing to the contrary, it will be presumed that proceedings have been conducted regularly and lawfully, and there being no plain indication that such was not the situation here, the presumption of regularity and validity must prevail.
 

 It is next contended that the trial court committed error in giving to the jury seven special instructions requested by plaintiff. An examination of these instructions shows that they are in the main abstract propositions of law largely in the verbiage of statutory provisions. Nevertheless, they state correctly general propositions of law and were pertinent to evidence introduced on the trial. We. find no prejudicial error in their submission.
 

 Other errors are alleged by one or both of the defendants, the more important of which will be discussed.
 

 
 *250
 
 The several special instructions requested by the Maher Beverage Company and refused either stated incorrect propositions of law, or were deleterious to the rights of Ersldne, the co-defendant, who objected to them. We further notice that the subject matter of these special instructions was covered by correct statements in the court’s general charge. No error occurred in their rejection.
 

 During a part of the arguments by counsel to the jury after the close of the evidence, the judge left the bench and went to his private office nearby. He' remained, however, within hearing distance, was immediately available if needed and no objection was raised to his absence from the bench at the time. Of course, the practice by a trial judge of absenting himself from the bench at any stage of the trial is not to be commended, but in this instance no real harm ensued.
 

 Plaintiff called as a witness a qualified medical doctor who had,examined and treated him for the injuries herein involved. This witness testified that in his opinion certain of plaintiff’s disabilities were permanent. Testimony of this character in damage actions for personal injuries has been permitted and approved through the years. 17 Ohio Jurisprudence, 487, Section 391; 20 American Jurisprudence, 723, Section 862; 32 Corpus Juris Secundum, 247, “Evidence,” Section 534; 2 Jones on Evidence (4 Ed.), 708, Section 378; 7 Wigmore on Evidence (3 Ed.), 118, Section 1975.
 

 Counsel for the Maher Beverage Company complain particularly that the trial court erred in allowing certain answers of plaintiff’s medical witness to stand as against motions to strike.
 

 Concerning a thickness in plaintiff’s skull which the medical witness found to exist in an X-ray picture, he said:
 

 
 *251
 
 “The thickness indicates the site of an old fracture, and also you get the thickness there from headaches, from a hemorrhage, which when it resolves sometimes leaves adhesions which, as I mentioned, help to cause the pain and which can produce all the pain in the head.
 

 *****
 

 “Q. That thickness is in the nature of a growth? A. Arthritic proliferation of calcification from an old fracture.
 

 “Q. Do those ever become malignant? A. There is always the possibility they may, particularly where there is trauma. Trauma is always the site of possible future malignancy.
 

 * * * * *
 

 “Q. What is the cause of that condition of the eye, if you know? A. Well, of course, that can'be caused by natural conditions; it can be some condition that has been present in his eye. Not having seen him before, I wouldn’t know.
 

 “Q. You are not certain? A. I am not certain, but an injury can cause it.”
 

 When the whole of the doctor’s testimony with regard to plaintiff’s disabilities is taken into account in connection with the accurate instructions in the general charge as to the manner in which the opinions expressed by the medical witnesses should be treated, and further bearing in mind that some of the quoted testimony related to the causes of symptoms described by plaintiff himself, these observations of the doctor, even though having a conjectural tinge, are not harmful enough to call for a reversal.
 

 After the delivery of the general charge and when the jury was about to be sent to its room to deliberate on a verdict, counsel for the Maher Beverage Company
 
 *252
 
 handed the judge two interrogatories for submission to the jury, reading as follows:
 

 “Do you find that the defendant, Maher Beverage Company, was negligent in any respect contributing to the cause of the collision and plaintiff’s injuries as a proximate cause thereof?
 

 “In the event your answer to interrogatory No. 1 is ‘Yes,’ state of what such negligence consisted.”
 

 The giving of these interrogatories was objected to by counsel for plaintiff and by counsel for Erskine and they were refused.
 

 It must be conceded that such interrogatories were in an approved form and that their submission would have been proper, but under the holding of this court in
 
 Kennard, a Minor,
 
 v.
 
 Palmer, a Minor,
 
 143 Ohio St., 1, 53 N. E. (2d), 908, the trial court, in the exercise of its discretion, had a right to refuse them because of their belated tender.
 

 In the forms of verdict handed the jury, opportunity was afforded to exonerate either or both of the defendants from responsibility for plaintiff’s injuries. The verdict was against the two defendants, obviously upon a finding that the driver of the Maher Beverage Company truck was negligent in essaying, to make a turn without notice or warning of his intention to do so and that the driver of Erskine’s heavily loaded truck was negligent in not having his vehicle under proper management and control in that he pursued too rapidly and closely the Maher conveyance.
 

 Finally, it is urged that the verdict is excessive and was rendered under the influence of passion and prejudice. Suffice it to say that plaintiff was a young man twenty-one years of age at the time he was hurt and a sergeant in the air corps of the United States Army. Through several years of preparation and training
 
 *253
 
 he had qualified himself as a flying aircraft mechanic and had had valuable experience in that line of work. Testimony presented at the trial showed that he had a tumor over his right shoulder, one leg shorter than the other, an atrophied thigh, a tilted pelvis and a deviation of the spinal column, not to mention other disabilities and disfigurements, all due to his unfortunate experience on August 16, 1945. In the opinion of the medical doctor called by the plaintiff, and already referred to, plaintiff was permanently incapacitated from following the vocation for which he had fitted himself and his earning capacity had been materially diminished because of his physical handicaps.
 

 The question of the excessiveness of the verdict has had the consideration of the Court of Common Pleas and the Court of Appeals and neither has seen fit to interfere. Although the amount awarded plaintiff is very substantial, the record discloses no sufficient basis to justify this court in reversing or modifying the judgment of the Court of Appeals on this count.
 

 Upon a review of the entire record, a majority of the court entertains the view that no error intervened in the case sufficiently grievous to justify a reversal, and the judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Stewart and Turner, JJ., concur.