THE STATE, EX REL. BURTON, *v.* SMITH ET AL., JUDGES OF THE COURT OF COMMON PLEAS, SCIOTO COUNTY.*

---

*Judgment affirmed, 174 Ohio St., 429.

(No. 735—Decided September 14, 1962.)

*Mr. Everett Burton*, prosecuting attorney, and *Mr. Robert E. Dever*, for relator.

*Mr. Richard L. Canter*, for respondent Vernon Smith, Judge.

FESS, J.  The relator, Everett Burton, Prosecuting Attorney of Scioto County, brings this original action in mandamus in this court against the respondent common pleas judges of Scioto County, seeking, in effect, to compel respondents to refrain from selecting talesmen as substitutes for prospective grand jurors previously drawn from the jury wheel from among ballots prepared from the annual jury list set forth in a venire issued to the sheriff therefor but before the grand jury has been empaneled and sworn.  Relator has also brought a companion action in prohibition against respondents, seeking similar relief, which has been continued for trial pending disposition of the mandamus action.  No complaint is made regarding respondent Thompson who is a nominal respondent joining in the prayer for relief.

In his amended petition relator prays that a writ of mandamus issue to the respondents, commanding them to cause all future members of grand jury panels to be drawn from those

persons whose names are contained in the annual jury list and from ballots deposited in the jury wheel, in accordance with the above petition, and that the same be served with notice by the sheriff as provided by law, and for such other further orders and relief in the premises as the nature of the case may require.

At the outset we are confronted with the problem as to whether the relator has selected the proper extraordinary remedy. Essentially, relator seeks to enjoin the respondent Smith from alleged *ultra vires* conduct in the future. The Court of Appeals has no original jurisdiction in injunction. It does have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo. This original jurisdiction is derived directly from Section 6 of Article IV of the Constitution and may not be limited by statute.

Mandamus is of ancient origin in the English common law, originating in the courts—not the Legislature. *State, ex rel. Moyer,* v. *Baldwin,* 77 Ohio St., 532. Under the common law, as restated in Section 2731.01, Revised Code, mandamus is a writ issued in the name of the state to an inferior tribunal commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. *State, ex rel. Selected Properties, Inc.,* v. *Gottfried,* 163 Ohio St., 469.

The contrast between mandamus and injunction is that the latter is a remedy in equity while the former is a remedy at law. The primary function of an injunction is to restrain motion and to enforce inaction, while the purpose of mandamus is to set in motion and to compel action. And an injunction ordinarily is employed to prevent future injury, while the purpose of mandamus is to redress past grievances and compel the performance of acts *in praesenti. State, ex rel. Selected Properties, Inc.,* v. *Gottfried, supra.* But this does not necessarily mean that relief, injunctive in character, may not be had in mandamus under an ancillary prayer for other and further relief in the premises as the nature of the case may require. Basically, a mandamus proceeding is regarded as an action at law, as distinguished from an action or proceeding in equity, but, nevertheless, its issuance is largely controlled by equitable principles, and the writ may be refused for reasons comparable to those which would lead a court of equity, in the exercise of its sound discretion, to withhold its protection of an undoubted legal right. *State, ex rel. Commercial*

*Investors Corp.,* v. *Curry,* 50 Ohio App., 245; *State, ex rel. Beane, Dir. of Law,* v. *Krebs et al., City Comm.,* 75 Ohio App., 427. And in mandamus the court will shape its judgment according to the equity of the case and grant any relief warranted by the allegations of the petition. *State, ex rel. Masters,* v. *Beamer, infra,* and *State, ex rel. Blackwell,* v. *Bachrach, infra.* And while mandamus will not issue to control the discretion of an inferior court, it will issue to correct an abuse of such discretion if there is no other adequate remedy in the ordinary course of law. If the action of a court or judge in a matter calling for the exercise of discretion is such as to amount to an abuse of discretion and to manifest a disregard of duty, thus being without semblance of legal power, and it appears that there is no remedy by appeal, or that such remedy, if existing, is entirely inadequate and the exigency is such as to justify the interposition of the extraordinary superintending power of the higher court, mandamus will issue to compel the specific action which should have been taken. Thus, the lower court or judge may be compelled to act in a particular way when the facts are not in dispute and the court has come to a wrong conclusion of law therefrom, or disregarded a duty expressly enjoined by the law under the undisputed facts; and the question whether an inferior tribunal has acted within the scope of its authority may generally be determined in mandamus. 35 Ohio Jurisprudence (2d), 375, Section 98; 35 American Jurisprudence, 31, Mandamus, Section 259.

Where the allegations of a petition for an extraordinary writ are sufficient to warrant the general relief sought, the title as well as the form of the prayer is immaterial, and, where the prayer is for general relief, the court may grant any relief warranted by the allegations of the petition. Thus, a petition in quo warranto has been treated as one in mandamus and relief granted accordingly. *State, ex rel. Keyser,* v. *Babst,* 101 Ohio St., 275. See, also, *State, ex rel. Masters,* v. *Beamer et al., Bd. of Edn.,* 109 Ohio St., 133, stating (p. 151): "Under a prayer for general relief [in mandamus], the court will shape its decree according to the equity of the case, and, properly speaking, will grant any relief warranted by the allegations of the bill." See, also, *State, ex rel. Blackwell, a Taxpayer,* v. *Bachrach et al., City Council,* 166 Ohio St., 301, holding:

"Where the allegations of a petition are sufficient to warrant the general relief sought, the form of the prayer is immaterial, and where the prayer is for general relief the court will shape its judgment according to the equity of the case and grant any relief warranted by the allegations of the petition."

With regard to the extraordinary remedy of prohibition, causes of action for writs of prohibition and mandamus have been joined in the same petition, and such joinder may be considered proper where the circumstances and relief sought are such that the two remedies are complementary. 44 Ohio Jurisprudence (2d), 228, Prohibition, Section 38, and authorities there cited.

In the light of the foregoing, it is therefore concluded that in the event we should find that the relator has sustained the allegations of his petition, this court will shape its judgment according to the equity of the case and grant the relief warranted by the allegations of the petition.

The determination of the question presented for decision herein primarily involves the construction of the provisions of Sections 2939.02, 2939.03 and 2313.38, Revised Code, providing:

Section 2939.02. "Grand juries shall consist of fifteen persons, resident electors of the county. Persons to serve as grand jurors in the Court of Common Pleas of each county shall be selected from the persons whose names are contained in the annual jury list and from the ballots deposited in the jury wheel, as prescribed by Sections 2313.07, 2313.08, and 2313.35 of the Revised Code. The judge of the Court of Common Pleas may select any qualified elector, whose name is not included in the annual jury list or on a ballot deposited in the jury wheel, to preside as foreman of the grand jury."

Section 2939.03. "A grand jury is drawn and notified by the same persons, from the same jury wheel, and in the same manner as other jurors are drawn and notified under Sections 2939.02 to 2939.04, inclusive, and 2313.01 to 2313.46, inclusive, of the Revised Code. Grand jurors so drawn and notified may be excused from service for the same reasons and in the same manner as other jurors under such sections, and not otherwise. They are subject to the same fines and penalties for nonattendance and otherwise as are other jurors under such sections. The duties and the powers of the Courts of Common Pleas and

Clerks of Courts of Common Pleas, and of the commissioners of jurors in regard to grand jurors, in all respects are the same as in regard to other jurors."

Section 2313.38. "When, by reason of challenge or other cause, enough jurors to make up the panel, either of the grand or petit jury, are not present, or if the array is set aside, the sheriff shall summon talesmen until the deficiency is made up. If the number for a grand jury is insufficient, the court may issue a special venire to the sheriff commanding him to summon the persons named therein to attend forthwith as grand jurors."

We thoroughly agree with the comment of the Supreme Court in *Bobbitt* v. *Maher Beverage Co.*, 152 Ohio St., 246, that a perusal of the provisions of what are now Chapters 2939 and 2313 of the Revised Code will demonstrate that they are not as clear and definite as could be desired. See, also, critical article by Judge Stanley Struble, 34 Ohio Law Reporter, 524. But nowhere in such chapters is the Common Pleas Court or judge thereof specifically authorized to select talesmen except in Section 2939.16 providing that in case of sickness, death, discharge, or nonattendance of a grand juror *after the grand jury is sworn,* the court may cause another to be sworn in his stead, and except by inference from Section 2313.39. Section 2313.39 obviously applies to the selection of talesmen for a petit jury on motion of either party and is inapplicable to the selection of talesmen as substitutes for the panel of prospective grand jurors. It further contemplates the issuance by the court of a venire for as many persons having qualifications of a juror—not necessarily the selection of particular talesmen named by the court. Although Section 2939.16 does not in terms authorize the selection of a talesman or bystander, counsel for the relator concede that after the grand jury is sworn the court, in the exercise of its discretion, may substitute a person of its own choosing. The provision of Section 2939.02 authorizing the court to select a foreman is inconsistent and in conflict with the first sentence of Section 2939.06 providing that when a grand jury is empaneled the court shall appoint one of the members thereof foreman. The last sentence of Section 2939.03 providing that the duties and powers of courts, clerks and commissioners in regard to grand jurors in all respects are the same as in regard to other jurors is not particularly helpful in the con-

struction of the provisions of Section 2313.38, since such section specifically refers to grand or petit jury and except as indicated below is applicable to the selection of grand jurors.

Section 2939.02 is mandatory and requires the selection of grand jurors from the wheel without exception. After the grand jury has been sworn, but not before, in case of sickness, etc., the court may cause another to be sworn in his stead under the provisions of Section 2939.16.

Section 2313.38 authorizes the sheriff, not the court, to summon talesmen until a deficiency, as a result of challenge or other cause, is made up. Regardless of the reference to grand or petit jury in the first sentence, it should be construed as applying to the petit jury. With regard to the second sentence referring exclusively to the grand jury, if the number for a grand jury is insufficient, the court is authorized to issue a special venire to the sheriff commanding him to summon the persons named therein to attend forthwith as grand jurors. In the light of the provisions of Section 2939.02, this presupposes that the persons named therein shall have been drawn from the wheel. See Section 11419-27, General Code (114 Ohio Laws, 201). Ordinarily, a special venire issued by the court requires the sheriff to summon an additional number of qualified persons to serve to make up a deficiency without naming the individual persons therein. Apparently the second sentence provides an exception to the general rule by authorizing the court to name in such special venire particular persons. But in the instant case it is stipulated that the respondent judge is not even literally complying with this provision.

The contentions of the respondent that the prosecuting attorney does not have sufficient interest to bring the instant proceeding and that he has an adequate remedy in the ordinary course of law by way of challenge to the array are not sustained.

Regardless of the possible efficacy of employing a challenge to the array as an adequate alternative remedy in the ordinary course of law, the Court of Appeals, in the exercise of its discretion, if the circumstances otherwise warrant, is empowered to grant a writ of mandamus. *State, ex rel. Wesselman,* v. *Board of Elections,* 170 Ohio St., 30; *State, ex rel. Grant, Exr.,* v. *Kiefaber et al., Planning Comm.,* 171 Ohio St., 326.

Judgment for relator is rendered and peremptory writ

granted in accordance with the allegations and prayer of the petition.

*Writ allowed.*

RADCLIFF, P. J., and COLLIER, J., concur.

FESS, J., of the Sixth Appellate District, sitting by designation in the Fourth Appellate District.