JOURNAL ENTRY and OPINION
{¶ 1} The court found defendant Michael Hogue guilty of two counts of drug trafficking. In this appeal, he maintains that the court did not timely file his jury waiver and that counsel performed ineffectively by failing to subpoena witnesses for the defense. Because neither of these issues requires application of the law to the facts supporting conviction, we dispense with a recitation of the evidence of the offenses.
 I {¶ 2} Hogue first argues that the court did not strictly comply with the R.C. 2945.05 requirements needed for a valid waiver of the right to trial by a jury because it did not journalize the signed waiver before trial commenced.
 {¶ 3} The Sixth Amendment right to a trial by jury, as with all other constitutional rights, may be voluntarily waived. Ohio has codified the waiver of the right to a trial by jury in R.C.2945.05. That section states, as relevant here:
 {¶ 4} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * * Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."
 {¶ 5} We have stated that "[s]trict compliance with R.C.2945.05 is met upon filing the jury waiver; there is no rule pertaining to when the filing must occur." State v. Thomas,
Cuyahoga App. No. 82130, 2003-Ohio-6157. See, also, State v.Dixon, Cuyahoga App. No. 82951, 2004-Ohio-2406. The court did file the waiver with the clerk of the court, so it fully complied with R.C. 2945.05.
 {¶ 6} And even if there was a rule stating that the waiver of the right to a jury must be filed before the commencement of trial, the record shows that it was filed; that is, indorsed with the stamp of the clerk of the court, on July 21, 2003, the same day that trial commenced. Although the record shows that the waiver occurred shortly before trial commenced, the stamp of the clerk of the court does not indicate the time the document was filed. It is possible that the jury waiver had been "walked through" the clerk's office and date-stamped in the time after Hogue executed the jury waiver and before trial commenced. At the very least, in the absence of facts clearly showing to the contrary, we must presume regularity in the proceedings. Bobbittv. Haher Beverage Co. (1949), 152 Ohio St. 246, 249.
 {¶ 7} Hogue's argument that the court did not journalize the jury waiver until July 25, 2003 appears to be based upon a journal entry filed by the court that same day noting that Hogue had waived his right to a trial by jury. However, for purposes of R.C. 2945.05, it is the jury waiver signed by Hogue that must be filed, not any memorialization of the waiver by the court.
 {¶ 8} Hogue also incorrectly argues that his written waiver should have been executed in open court. R.C. 2945.05 does not require a contemporaneous execution of the jury waiver form in open court, but only that the waiver be in writing and "be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel." The transcript shows that Hogue did sign the waiver form prior to trial, that he specifically acknowledged to the court that his signature appeared on the waiver, and that he agreed that the decision to waive trial was his own decision based on the advice of counsel. This constituted full compliance with the statute. See State v.Franklin, Cuyahoga App. No. 81426, 2003-Ohio-2649.
 II {¶ 9} Hogue next argues that counsel performed ineffectively by failing to investigate the case and call witnesses for the defense. He states that counsel "failed to produce at least three eyewitnesses at trial."
 {¶ 10} To prevail on a claim of ineffective assistance of counsel, the offender must establish that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the offender of a fair trial.Strickland v. Washington (1984), 466 U.S. 668, 687. We can only reverse on grounds of ineffective assistance of counsel when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus, citing Strickland, 466 U.S. at 694.
 {¶ 11} Hogue fails to state exactly how counsel acted deficiently. He claims that there were "at least three eyewitnesses" who could have been called to testify for the defense, but fails to say exactly what these eyewitnesses would have testified to or how their testimony might have aided the defense. The same applies for the claim that counsel failed to investigate the case. Hogue offers nothing to show that counsel conducted no investigation and that had an investigation been conducted, the outcome of the trial would have been different.
 {¶ 12} It follows that we cannot reach any conclusions on the bare allegations made by Hogue. A claim of ineffective assistance of counsel requires the appellant to show prejudice in order to obtain a reversal. Hogue has presented nothing. And we would be remiss if we failed to point out that the claims Hogue does make in this appeal very likely could only be shown by reference to matters outside the record. Plainly, we cannot consider facts that are not in the record on appeal. See State v. Carter,89 Ohio St.3d 593, 606, 2000-Ohio-172. In short, as the record presently stands, Hogue has no way of proving his allegations of deficient performance.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Sweeney, J., concur.