JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Timothy M. Nash ("appellant") appeals pro se from the judgment of the trial court finding him guilty of possession of drugs following his guilty plea. For the reasons set forth below, we affirm.
 {¶ 2} Appellant was indicted on one count of possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree. He initially pled not guilty to the indictment, but later retracted that plea and entered a plea of guilty at a hearing before the trial court. That same day, appellant was sentenced to six months incarceration. Appellant now appeals, asserting two assignments of error for our review.[1]
 I. {¶ 3} In his first assignment of error, appellant essentially complains that the prosecutor tampered with evidence and violated the constitution when "causing his re-arrest for drug possession." Finding no merit to this assignment of error, we overrule it.
 {¶ 4} We note initially that appellant has failed to assign any error to the trial court, fails to reference any place in the record where the trial court may have erred, and fails to present relevant legal authority in support of his argument, in derogation of App.R. 12 and 16 (A)(6) and (7).
 {¶ 5} Appellant asserts, albeit inartfully, that the state improperly indicted him for possession of drugs without first indicting him for possessing drug paraphernalia. However, appellant failed to raise this issue before the trial court and pled guilty to the indictment, therefore waiving all but plain error.
 {¶ 6} "It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Childs
(1968), 14 Ohio St.2d 56, paragraph three of the syllabus. Pursuant to Crim.R. 52 (B), plain errors or defects which affect substantial rights may be grounds for reversal even though they were not brought to the attention of the trial court. Notice of plain error, however, applies only under exceptional circumstance to prevent a manifest miscarriage of justice. State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would have clearly been otherwise." State v. Moreland (1990), 50 Ohio St.3d 58, 62,State v. Phillips (1995), 74 Ohio St.3d 72, 83.
 {¶ 7} In this case, we decline to find plain error where appellant alleges he should have been indicted for and found guilty of possessing criminal tools before he could be indicted for and found guilty of possessing drugs.
 {¶ 8} Furthermore, "[w]ith respect to the state's charging decision, prosecutors are imbued with discretion in charging decisions. Absent some indication that a charging decision was the result of vindictiveness, reviewing courts will not interfere with that decision. See State v. Wilson (1988),47 Ohio App.3d 136;State v. Tamburin (2001), 145 Ohio App.3d 774." State v.Lehman, Sandusky App. No. S-00-044, 2001-Ohio-3096.
 {¶ 9} We reject this assignment of error.
 II. {¶ 10} In his second assignment of error, appellant maintains his trial counsel was ineffective for failing to investigate his case. In order to demonstrate ineffective assistance of counsel, the defendant must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. SeeStrickland v. Washington (1984), 466 U.S. 668, 687; State v.Noling, 98 Ohio St.3d 44, 65, 2002-Ohio-7044; State v. Bradley
(1989), 42 Ohio St.3d 136. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, supra,466 U.S. at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id.,466 U.S. at 687.
 {¶ 11} In support of his assertion that trial counsel was ineffective, appellant maintains defense counsel failed to investigate the facts giving rise to the first assignment of error, to wit, that the prosecution erred in not indicting appellant for possessing criminal tools before indicting him on possession of drugs. Appellant wholly failed to offer any facts demonstrating that counsel failed to investigate his case and that had an investigation been conducted, the outcome of this case would have been different. Accord State v. Hogue, Cuyahoga App. No. 83483, 2004-Ohio-3871. Furthermore, having rejected this contention in the above assignment of error, we must likewise reject the assertion of ineffective assistance of counsel which is premised upon that error. State v. Henderson (1988),39 Ohio St.3d 24, 33.
 {¶ 12} Judgment affirmed.
 i. APPENDIX
"I. The appellant, herein relator states as is fact in law and records that Cuyahoga County prosecutor has tampered with evidence of initial arrest while seeking an indictment for one count of possessing to wit; cocaine. I, relator state that the prosecutor error is that he in fact has violated constitution when causing my re-arrest for the contents of the initial arrest which being drug paraphernalia (2925.14) but not prosecuting it. The prosecutor cannot file a charge for possession of cocaine in this particular case without first filing a charge for its container, which being the paraphernalia."
"II. Thereby, counsel for my defense has been ineffective in his duty to investigate my case; notwithstanding, fact of records through docket that he filed for discovery of evidence the very same date (November 26, 2003) of relators plea which had been at his advise." It is ordered that appellee recover of appellant its costs herein taxed. The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, J., and Colleen Conway Cooney, J.,concur.
[1] See Appendix.