DECISION ON MOTION TO DISMISS
{¶ 1} Petitioner, Anthony Hunter, commenced this original action in mandamus ordering respondent Judge J. Warren Bettis of the Court of Claims of Ohio to vacate his June 9, 2004 entry confirming the April 15, 2004 memorandum decision dismissing petitioner's claim against the Ohio Department of Rehabilitation and Correction ("ODRC"). Respondent has filed a motion to dismiss.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate found that petitioner was actually challenging respondent's decision and entry rendered against him and that petitioner should utilized an appeal to secure relief, rather than a mandamus action. The magistrate determined that mandamus was simply not the appropriate vehicle to challenge the decision and entry of respondent. Therefore, the magistrate has recommended that respondent's motion to dismiss should be granted based upon petitioner's failure to set forth facts which would entitle him to relief.
 {¶ 3} Petitioner filed no objections to the recommendation of the magistrate.
 {¶ 4} Finding no error or other defect on the face of magistrate's decision, pursuant to Civ.R. 53(C), we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, respondent's motion to dismiss is granted and the requested writ of mandamus is denied.
Motion to dismiss granted; writ of mandamus denied.
Sadler and Deshler, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Anthony Hunter, :
 :
 Petitioner, :
 :
v. : No. 04AP-718
 :
Court of Claims of Ohio, : (REGULAR CALENDAR)
Judge J. Warren Bettis, :
 Respondent. :
 MAGISTRATE'S DECISION Rendered on September 21, 2004 Anthony Hunter, pro se.
Jim Petro, Attorney General, and Holly J. Hunt, for respondent.
 IN MANDAMUS ON MOTION TO DISMISS {¶ 5} Petitioner, Anthony Hunter, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Judge J. Warren Bettis of the Ohio Court of Claims to vacate his June 9, 2004 entry confirming the April 15, 2004 memorandum decision dismissing petitioner's claim filed against the Ohio Department of Rehabilitation and Correction ("ODRC") seeking monetary damages. Petitioner asserts that respondent had a duty to come to but one conclusion of law, and that respondent expressly disregarded the law. Respondent has filed a motion to dismiss.
Finings of Fact:
 {¶ 6} 1. According to the complaint, petitioner was an inmate formerly incarcerated at Allen Correctional Institution ("ACI") and was later transferred to Mansfield Correctional Institution ("Mansfield CI").
 {¶ 7} 2. Petitioner ordered a Smith Corona WordSmith 200 from a catalog provided to him by ORDC.
 {¶ 8} 3. At the time, petitioner was aware that institution policy provided that typewriters cannot have any more than one line of memory.
 {¶ 9} 4. The Access Catalog 2002 states that the Smith Corona WordSmith 200 has word processing capabilities indicating that the typewriter has more than one line of memory.
 {¶ 10} 5. Petitioner ordered the typewriter and paid for it. When the typewriter arrived at ACI, Officer Rable inspected the package, approved it, and issued a certificate of ownership to petitioner.
 {¶ 11} 6. When petitioner was transferred to Mansfield CI, he was informed that he would not be permitted to keep the typewriter because it did not comply with ODRC policy.
 {¶ 12} 7. Petitioner was ordered to send the typewriter out of the institution at a cost to him of $6.67.
 {¶ 13} 8. Petitioner pursued institutional grievance procedures and it was determined that he should not have been required to send the typewriter out. Instead, petitioner should have been given the option to store the typewriter pursuant to the institution's procedures.
 {¶ 14} 9. Petitioner filed an action in the Ohio Court of Claims seeking to recover damages in the amount of $1,216.67, itemized as follows:
 $ 130.00 Typewriter cost
 30.00 loss due to accessories being unusable
 25.00 copies, postage, and preparation of claim
 500.00 damages for loss of typewriter use and inconvenience
 500.00 disciplinary sanctions
 25.00 court of claims filing fee
 6.67 postage to mail typewriter out of institution
 _________
 $1,216.67 Total
 {¶ 15} 10. In its answer, ODRC admitted liability for the postage loss of $6.67 plus $25 for petitioner's filing fees.
 {¶ 16} 11. On the authority of Reynolds v. State (1984),14 Ohio St.3d 68, the trial court concluded that ODRC was immune from suit based on the policy decision declaring petitioner's typewriter to be impermissible property, that he had no cause of action against the prison for the mistake made in originally permitting him to keep the property, and that his claim should be dismissed.
 {¶ 17} 12. Thereafter, on July 21, 2004, petitioner brought this mandamus action. Petitioner contends that respondent was required by law to find in his favor by concluding that respondent was required to determine that ODRC was liable to him in monetary damages for: (1) allowing him to purchase the typewriter; (2) giving him a certificate of ownership for the typewriter; and (3) causing him to ship the typewriter out of the prison.
Conclusions of law:
 {¶ 18} For the reasons that follow, this magistrate would grant respondent's motion to dismiss.
 {¶ 19} Petitioner cites State ex rel. Burton v. Smith (1962),118 Ohio App. 248, as his authority to compel this court to order respondent to rule in his favor. Specifically, in paragraph five of his complaint, petitioner sets out his argument as follows:
* * * [A]lthough a writ of mandamus will generally not issue to control judicial discretion even if that discretion is abused, R.C. 2731.03, the judge may be compelled by mandamus to act in a particular way when facts are not in dispute and the court has come to the wrong conclusion of law therefrom or has disregarded duty enjoined by law under the undisputed facts; and the question whether an inferior tribunal has acted within the scope of its authority may generally be determined in mandamus. 35 Ohio Jurisprudence (2d), 375, Section 98; 35 American jurisprudence, 31, Mandamus, Section 259. State ex rel. Burton v. Smith (1962), 194 N.E.2d 70,73.
However, as will be stated below, petitioner has misapplied the holding in Burton.
 {¶ 20} In Burton, the prosecuting attorney for Scioto County brought an original action in mandamus against the Scioto County Common Pleas Judges commanding them to cause all future members of the Grand Jury panels to be drawn from those persons whose names are contained in the annual jury list and from ballots deposited in the jury wheel. The prosecuting attorney had also brought a companion action in prohibition seeking similar relief. First, the court noted that where the allegations of a petition for an extraordinary writ are sufficient to warrant the general relief sought, the title, as well as the form of the prayer, is immaterial and, where the prayer is for general relief, the court may grant any relief warranted by the allegations in the petition. Second, the court concluded that the common pleas judges were not complying with the Ohio Revised Code provisions concerning jury panels and granted a peremptory writ in accordance with the allegations and prayer of the petition.
 {¶ 21} The court's holding in Burton does not compel this court to issue a writ of mandamus against respondent in this case by ordering him to find in petitioner's favor. In essence, petitioner is actually challenging respondent's decision and entry rendered against him and he should utilize an appeal in order to attempt to secure the relief he is seeking by way of this mandamus action.
 {¶ 22} In his motion contra, petitioner contends that respondent's motion to dismiss should be denied as respondent failed to make a timely appearance. Specifically, petitioner argues that since respondent has not filed an answer, respondent should not be permitted to file a motion to dismiss.
 {¶ 23} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. Dismissal is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the non-moving party, it appears beyond doubt that the non-moving party can prove no set of facts entitling him to the relief requested. O'Brien v. University Community Tenants Union
(1975), 42 Ohio St.2d 242. A motion to dismiss is properly filed before an answer. As such, this argument of petitioner fails.
 {¶ 24} Based on the foregoing, it is this magistrate's decision that petitioner has not set forth any facts which would entitle him to relief. Mandamus is simply not the appropriate vehicle whereby petitioner can challenge the decision and entry of respondent. As such, respondent's motion to dismiss should be granted and petitioner's action should be dismissed.