No. 570
DETROIT & IRONTON RD. CO. v. VOGELEY
Ohio Appeals, 6th Dist., Fulton Co.
No. 73.   Decided April 6, 1925.

480.   EVIDENCE—Owner permitted to testify as to value of her car.

225.   CHARGE TO JURY—By court stating that company's answer admits averments in petition, is not prejudicial error when evidence is undisputed.

WILLIAMS, J.

Minnie Vogeley instituted this action against the Detroit and Ironton Rd. Co. in the Fulton Common Pleas, for the purpose of recovering for damages sustained by her machine. It seems that she was passing one of the company's crossings and there happened to be a plank missing, so that a deep hole between the tracks was the result. The front wheels of the machine dropped into the excavation, and the engine hit the nearer rail, and was considerably damaged. The company, however, did not cross-examine Vogeley, nor was evidence offered after she rested her case. Judgment in the lower court was in favor of Vogeley.

Eroor was prosecuted by the company and it contended that the court erred in permitting the introduction of evidence by allowing Vogeley to testify as to the value of her own car. It was claimed that the court erred in not directing a verdict in its favor, for the reason that the evidence did not tend to show that any duty rested upon the company to keep the crossing in repair. It was also claimed the lower court erred in striking out the second defense of the answer and the interrogatories attached to the answer.

The Court of Appeals held:

1.   There was no error in allowing Vogeley to testify as to the value of her car, for as a general rule, the owner of property has, by reason of that fact, a sufficient knowledge of its value to be qualified to testify regarding it.

2.   The undisputed evidence in the case was that the crossing was that of the company and the inference follows from the undisputed evidence that the railroad was being operated by the company.

3.   Under the undisputed evidence, the statement of the lower court that the company admitted in its answer that which was averred in Vogeley's petition, in the courts charge, was not prejudicial error.

4.   Interrogatories pertain wholely to the matter averred in the second defense and if the court was warranted in striking out second defense it was also warranted in striking out the interrogatories.

Judgment affirmed.

Attorneys—F. S. and J. M. Ham for Railroad; R. B. Darby and Paxson & Canfield, for Vogeley; all of Wauseon.

---

No. 571
MEISTER v. DAY
Ohio Appeals, 6th Dist., Lucas Co.
No. 1509.   March 23, 1925.

413.   DIVORCE AND ALIMONY—An order for alimony not for a fixed sum but payable in installments, will not support an action to recover a money judgment, as the order is not a final judgment.

WILLIAMS, J.

Millie Meister brought a suit in the Lucas Common Pleas against Harry Day to recover alimony on a former decree given her for custody of a minor child and an alimony order directing Day to pay $5 per week until further order by the court. This was in Oct. 23, 1919. Millie remarried and in October 1921, recovered $465 from Day in payment of the amount due under the judgment and decree of $5 per week. She brought tris action to recover $650 which had accrued. Day filed a demurrer which was sustained. Error was prosecuted by Meister, and the Court of Appeals held:

1.   Since the decree for $5.00 alimony per week would obtain until further order of the court; the court impliedly reserved the power to modify. In other words, it might at any time order the payments to cease and convert the order into a judgment for a gross sum of money. Only in that event could Meister sue on the resulting judgment in any court of competent jurisdiction.

2.   It is settled law in Ohio that an order for alimony not for a fixed sum, but payable in installments over which the court reserves the right of modification will not support an action to recover money, as the same is not final judgment.

Attorneys—John P. Manton for Meister; Chester A. Meck, for Day; both of Toledo.