GROVES, APPELLANT, *v.* GRAY ET AL., D. B. A. MT. VERNON
CLEANERS, APPELLEES.

(No. 3493—Decided September 25, 1942.)

*Messrs. Brouse, McDowell, May & Bierce,* for appellant.

*Mr. Donald Reichert, Mr. Emanuel N. Deitz* and *Mr. Samuel Friedman,* for appellees.

DOYLE, P. J.   The plaintiff instituted this suit in the Court of Common Pleas of Summit county against the defendant partners, who were engaged in the dry cleaning business. She alleged damages to a fur coat which was placed in the care of the defendants for cleaning and storage.

Error is predicated upon the court's refusal to permit the plaintiff to testify as to the worth of the coat at the time of its delivery to the defendants, and in predicating a directed verdict for the plaintiff in the amount of $15 solely upon the testimony of an expert witness called on behalf of plaintiff, who testified as to the *market value* of the property, although there

was in evidence, as an exhibit, the damaged coat in addition to the proffered testimony of the plaintiff.

The general rule applicable to the admissibility of an owner's testimony on the question of value of personal property is well stated in 3 Wigmore on Evidence (3 Ed.), Section 716:

"The *owner of an article,* whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony * * * may be left to the jury; and courts have usually made no objections to this policy."

The Ohio rule, following the general rule, is pronounced in the following terms:

"It is established in Ohio that the owner of personal property, because of such ownership, has a sufficient knowledge of its value to be qualified to give an opinion thereon which will be some evidence of the actual value, though not conclusive. The rule is especially applicable where the property may have a peculiar worth to plaintiff. * * *" 17 Ohio Jurisprudence, Evidence, Section 379, and cases cited in support of the text.

The Supreme Court of Ohio, in treating the question of value of articles of property for personal use in an action by an owner of such property for conversion, stated:

"3. * * * that where the property converted by the defendant to its use consists of articles for personal use, which have been used by the owner and therefore have little or no market value, the measure of damages is the reasonable value to the owner at the time of conversion." *Erie Rd. Co.* v. *Steinberg,* 94 Ohio St., 189, 113 N. E., 814, L. R. A. 1917B, 787, Ann. Cas. 1917E, 661.

This rule, applied by the Supreme Court to an action in conversion, is equally applicable to an action for damages of the kind under consideration.

The "market value" rule is not fundamental nor of universal application. It is one of expediency because under many circumstances an owner can make himself whole by purchasing on the market an adequate substitute. It is a subordinate rule and applicable only "where it accomplishes the purpose of the fundamental rule. The fundamental rule is that the owner must be compensated for the loss sustained * * *." See *Rogers v. Standard Steel Castings Co.*, 16 Ohio App., 474, 480; Annotation 63 A. L. R., 240; 15 American Jurisprudence, Damages, Section 126.

The rules deducible, therefore, from textbooks and cases may be properly stated in the following terms:

1. In an action for damages to wearing apparel, the owner thereof may testify to its worth or value to him immediately before the damage occurred and to its worth or value to him after the damage.

2. Expert witnesses may likewise testify on the question of market value.

3. It is the duty of the trier of the facts to determine, from all the evidence, the reasonable damage *to the owner,* because in many cases wearing apparel has a greater value to the owner than the price it will bring in a second-hand market; and to confine the proof of damage to market value only, in cases involving the worth of personal property which is specially adapted to the use of the owner, would in many cases deprive the owner of his right to have a jury assess his actual damage.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Stevens and Washburn, JJ., concur.