MILLS ET AL., APPELLEES, *v.* BANKS, APPELLANT.

(No. 4999—Decided September 24, 1954.)

*Messrs. Wiles & Doucher,* for appellees.
*Mr. James F. Little,* for appellant.

WISEMAN, P. J. This is an appeal on questions of law from a judgment of the Municipal Court of Co-

lumbus, entered in favor of the plaintiffs in an action for damages growing out of an automobile accident.

The assignments of error raise several questions which must be resolved adversely to defendant, appellant herein.

Upon the whole record we fail to find any prejudicial error committed by the trial court in overruling defendant's motion to strike certain allegations from the petition. If the ruling of the trial court was erroneous, such error would not constitute ground for reversal unless substantial rights are prejudiced thereby. Section 11335, General Code. The plaintiff has failed to show wherein he has been prejudiced. *Patterson* v. *National Cash Register Co.*, 52 Ohio App., 338, 3 N. E. (2d), 692. 2 Ohio Jurisprudence, 1213, Section 654.

It was not error to permit plaintiff's driver to testify as to the speed of defendant's automobile. The qualification of the witness to judge the speed accurately goes to the weight of the evidence, rather than to its competency. *State* v. *Auerbach,* 108 Ohio St., 96, 140 N. E., 507.

The plaintiff was a competent witness to testify as to the reasonable market value of her automobile before and after the accident. The owner of personal property has, by reason of the fact of ownership, a sufficient knowledge cᶠ its value to be qualified to testify regarding it. *Detroit & Ironton Rd. Co.* v. *Vogeley,* 21 Ohio App., 88, 153 N. E., 86.

We find no assignment of error well made.

*Judgment affirmed.*

Miller and Hornbeck, JJ., concur.