**BUTRAM, Plaintiff-Appellant, v. BLAIR, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24389.   Decided March 12, 1958.

Nathan Friedman, for plaintiff-appellant.
Clayborne George, for defendant-appellee.

(HUNSICKER and DOYLE, JJ, of the Ninth District, HORNBECK, J, of the Second District, sitting by designation in the Eighth District.)

### OPINION

By HUNSICKER, J:

Anna Butram filed her action against Terrance E. Blair to recover for the damages she claims she sustained when, as she alleged, the automobile of Terrance E. Blair backed into her automobile.   A judgment was returned for Blair and Mrs. Butram then perfected an appeal to this court on questions of law.

The trial court heard the case without a jury, and at the request of counsel for Mrs. Butram, filed conclusions of fact found separately from conclusions of law.

The principal question before us concerns the conclusion of the trial judge that Harold Butram, the husband of the appellant, Mrs. Butram, who was the driver-bailee of the automobile involved herein, would not be permitted to testify as to the "value of the vehicle prior to and after the accident."

This raised the question as to whether a bailee, not a party to the suit, may testify as to value merely by reason of the fact that he is a bailee.   No qualification of the witness, other than that he was a bailee-driver of the automobile, was shown in the conclusions of fact.

The law is clear that the owner of personal property, because of such

ownership, is permitted to testify regarding its value although such owner is not qualified as an expert witness. The mere fact of ownership creates the competency of the witness. 21 O. Jur. 2d Evidence, para. 476, page 488, and authorities there cited; Groves v. Gray, 74 Oh Ap 384, 59 N. E. 2d 166; Mills v. Banks, 97 Oh Ap 557, 127 N. E. 2d 773; Detroit and Ironton Rd. Co. v. Vogeley, 21 Oh Ap 88, 153 N. E. 86; 6 O. Jur. 2d, Automobiles, para. 414, page 711; III Wigmore on Evidence, 3rd Edition, para. 716, et seq., page 48.

Where, however, a person not a party to the suit, such as we have herein, does not have any qualification as to value other than being the driver of the damaged vehicle, his testimony thus offered to establish value is not admissible in evidence.

The trial court in the instant case said that Harold Butram was not a competent witness but as we read the complete conclusions of fact and conclusions of law, it is readily apparent that such court meant that the testimony of the bailee-husband of Mrs. Butram was not admissible because he lacked the proper qualifications which would permit his testimony as to value to be accepted and considered by the court.

Under the circumstances herein, we must say that the judgment of the trial court was correct and the judgment must be affirmed.

Judgment affirmed.

DOYLE and HORNBECK, JJ, concur.