LAYTON ET AL., APPELLEES, *v.* FERGUSON MOVING & STORAGE CO., APPELLANT.*

---

*Motion to certify the record overruled, October 28, 1959,

542

(No. 8564—Decided May 29, 1959.)

*Messrs. Graydon, Head & Ritchey* and *Mr. William M. Mc-Kenzie,* for appellees.
*Messrs. Brumleve, DeCamp & Wood,* for appellant.

Matthews, P. J.   This is an appeal from a judgment by the Common Pleas Court against a warehouseman in favor of a depositor for failure to redeliver, upon demand, various articles of household equipment and other articles of a personal nature. It is not disputed that these articles were destroyed by fire while they were in storage in the defendant's warehouse and that that accounted for the failure to deliver.

Joined with the bailee is the London & Scottish Assurance Corporation which issued a policy on the chattels and has paid its coplaintiff substantially its entire loss, and is suing as subrogee.   As the London & Scottish Assurance Corporation seeks recovery on the basis of the rights of its coplaintiff, we shall consider the case as though there is but one plaintiff.

The defendant, appellant herein, asserts that the record discloses various errors of a prejudicial nature which vitiate this judgment.

We shall consider the errors relied on in the order found in appellant's brief.

(1) The fire occurred on September 10, 1952, and, of course, liability herein is governed by the law then in force.   It is pointed out that Section 8464, General Code, was in force at that time, and not its revision into Section 1323.10 of the Revised Code, which revision took place at a later date.   However, we fail to

find any difference in meaning and legal effect between the original and the revised section. Section 8464, General Code, provides that: "A warehouseman, in the absence of some lawful excuse provided by this chapter is bound to deliver" etc. Appellant's counsel underscores "in the absence of some lawful excuse provided by this chapter" and then searches the chapter for excuses for nondelivery, and, finally settles on Section 8477, General Code, as supplying the only excuse for nondelivery in this instance. All that section does is to place in statutory form the familiar rule that if a warehouseman exercises the care that a reasonably careful owner of similar goods would exercise, then he has performed his full duty. It has nothing to do with the evidence to establish the fact, or of the duty to persuade the trier of the facts. It has nothing to do with the specific case of loss by fire, or of what is required of the warehouseman to exculpate himself, or of whether it is sufficient for the warehouseman to introduce evidence that to him the fire was of unknown origin. In other words, the evidence is sufficient for defendant's protection if it deepens rather than dispels the mystery. And it is also urged that the futile attempt by the plaintiff to penetrate the mystery completely destroys the statutory prima facie case that the failure to deliver upon demand resulted from defendant's negligence.

Counsel cites and comments on *Dixie Wholesale Grocery, Inc.,* v. *Baltimore & Ohio Warehouse Co.,* 64 Ohio App., 241, 28 N. E. (2d), 694, as illustrative of his contention. We do not think it supports his contention. That was not a case of lack of knowledge of the cause of the damage. The cause was an unprecedented flood—a *vis major*—which completely exonerated the defendant from any culpability in that respect. While it is true that the writer of the opinion discussed the subject of the burden of proof and called attention to the conflict on that subject and the shifting of the burden, he expressly said it was not necessary to decide the question, and he also called attention to the fact that his associates were not in agreement with him, and, finally, final judgment was entered for defendant.

It seems that the case of *Hardy* v. *Ferguson Moving & Storage Co.,* 104 Ohio App., 98, 140 N. E. (2d), 14, involved this same

fire and the same statutes. We quoted from *Union Mutual Ins. Co.* v. *Indianapolis & Cincinnati R. R. Co.*, 12 O. D. Rep., 745, 1 Disney, 480. We approve and repeat the quotation here:

"Fire cannot be considered, in itself, an unavoidable danger, and in case of loss from that cause, the carrier is bound to show the origin or cause of the fire, to bring himself within the exception; otherwise, the presumption is, it might have been avoided by proper care."

As we find no difference in the meaning between Section 8464, General Code, and Section 1323.10, Revised Code, we are of the opinion that *Hanlon* v. *J. E. Miller Storage Co.*, 149 Ohio St., 387, 79 N. E. (2d), 220, is just as conclusive as it was before the revision in Section 1323.10, Revised Code. It was decided by a unanimous court. The third paragraph of the syllabus of the *Hanlon case* is as follows:

"In an action *ex contractu* under favor of this statute, the burden remains on the plaintiff bailor to prove a breach of the contract on the part of the defendant bailee for refusing or failing to redeliver the goods after a proper demand therefor."

But it is urged that the case of *Ayres* v. *Woodard, Sheriff*, 166 Ohio St., 138, 140 N. E. (2d), 401, decided later, holds to the contrary. That action was against a sheriff and the surety upon his bond. In order to hold the surety, at least, it was necessary for the plaintiff to prove that his assault upon the plaintiff was under color of his office as sheriff. The defendants claimed that the parties were engaged in "horse-play" and that plaintiff was injured in the course thereof. Much evidence was introduced on the subject. The court held that under such circumstances there was no place for a presumption that the sheriff was engaged in official business. That would seem to be true since all the evidence of what the parties were doing at the time was to that effect and there remained nothing for the jury to do except to weigh the evidence and draw the inferences.

The Supreme Court did not see enough of an analogy between *Ayers* v. *Woodard* and *Hanlon* v. *Storage Co., supra,* to justify mentioning the latter. That seems to us to be easily understandable. In the *Hanlon case* as well as in the case at bar, the prima facie case in favor of the plaintiff was established by

failure to deliver upon demand, concerning which there was no issue. The issue upon which the liability of the defendant depended was whether he had exercised the proper degree of care for the preservation of the plaintiff's property. The defendant proved that it had done certain things to protect the property from fire—but it did not show any of the circumstances surrounding the starting of the fire. No evidence of the origin of the fire was introduced. The circumstances presented an issue for the trier of the facts.

We hold that the burden of proof was on the defendant to prove a lawful excuse for failure to deliver the plaintiff's goods upon lawful demand, and that upon the evidence it had not established as a matter of law that it was entitled to an instructed verdict in its favor.

The appellants insist that there are certain errors in the record, which, in any event, require a reversal of the judgment and a remand for a new trial. The first of these assigned errors relates to the refusal of the trial court to give two special interrogatories to the jury. They were:

"Interrogatory No. 1: Did the defendant, The Ferguson Moving & Storage Company, do anything or fail to do anything to cause damage to the chattels that was contrary to such care in regard to them as a reasonably careful owner of similar goods would exercise?

"Interrogatory No. 2: If your answer to Interrogatory No. 1 is in the affirmative, then state what the defendant did or failed to do that caused the damage to the chattels?"

Of course, Section 2315.16, Revised Code, gives to every litigant the right to submit interrogatories—and we do not understand that the right is limited to the party upon whom the burden of proof does not rest, or is intended to elicit facts, the burden of proving which rests upon the proponent.

In *Johnson* v. *Industrial Commission*, 166 Ohio St., 132, 140 N. E. (2d), 415, it was stated at page 136:

"Similar interrogatories were held to be proper in the case of *Bobbitt* v. *Maher Beverage Co.*, 152 Ohio St., 246, 89 N. E. (2d), 583. They read as follows:

" 'Do you find that the defendant, Maher Beverage Com-

pany, was negligent in any respect contributing to the cause of the collision and plaintiff's injuries as a proximate cause thereof?

" 'In the event your answer to interrogatory No. 1 is "yes," state of what such negligence consisted.' "

We can see no distinction between those interrogatories and the ones rejected in this case. We hold that the court erred in this respect.

Next, it is urged that the court erred in refusing to give the following special charge:

"The court charges you that the law of Ohio provides that a warehouseman like the defendant, The Ferguson Moving and Storage Company, shall be liable for any loss or injury to the goods of a depositor caused by failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but that he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care. The court, therefore, instructs you that, if you find that the defendant, The Ferguson Moving and Storage Company, exercised such care, then the defendant, The Ferguson Moving and Storage Company, is not liable to the plaintiffs for any damage to or loss of chattels by fire."

The appellees' objection to this charge is that it omits any reference to the burden of proof and the preponderance of the evidence. We do not think these objections are valid. A special charge need not contain all the law that governs a case. If what it contains is a correct statement of the law and is correctly applied to the facts, then it should be given. This charge does that.

But it is said that another special charge given at appellant's request covers the same field. Special charge No. 3 is an abstract statement of the law and could have been refused on that ground. Special charge No. 8, it is true, reiterated the same law, but, in addition, applied it to the facts in the case. The giving of special charge No. 3 does not, in our judgment, justify the refusal to give special charge No. 8.

Next, it is urged that the court erred in refusing to give

special charge No. 7, instructing the jury that the measure of damage was the market value of the goods destroyed, and that the burden was on the plaintiff to prove it. The vice in the charge is that it contains an incorrect measure of damage. The property destroyed consisted largely of articles of personal and household goods. The true measure of damage for the loss of such articles is what they are reasonably worth to the owner.

Finally, it is urged that the court erred in permitting the plaintiff—Layton—to testify concerning the value of the property to him.

If we are right in concluding that the reasonable value to the owner and not the market value is the correct measure, then we shall hold, as we do, that the owner was a competent witness as to the value of the property to him. It has been uniformly held in this state that the owner is a competent witness as to such value without qualifying as an expert.

We find no further error in the record.

For these reasons, the judgment is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

O'CONNELL, J., concurs.