MARLIE TRADING, INC., APPELLANT, *v.* THE BIGGS BOILER WORKS CO., APPELLEE.

(No. 5006—Decided October 5, 1960.)

*Messrs. Daus & Schwenger* and *Messrs. Ferbstein & Schwartz*, for appellant.

*Messrs. Vogel, Shuff & Mason*, for appellee.

HUNSICKER, J. The appellant, a corporation, whose former corporate name was Hakim, Lawrence & Cicurel, Inc., engaged in the business of exporting machinery and related products to various parts of the world, entered into a contract with The Biggs Boiler Works Company, of Akron, Ohio, for the purchase of two rotary digesters, which digesters were to be built according to specifications in writing submitted to the appellant by The Biggs Boiler Works Company. These specifications consisted of two typewritten, letter-size pages. At the end of the second page, before a last short paragraph, were the following words and figures:

"*Weight*—Approximately 62,500 pounds. Each.

"*Price*—$12,311.00 each, knocked down f.o.b. car, Akron, Ohio, U.S.A.

"*Terms*—25% with order. 15% when material received and fabrication started. Balance before shipment. You to establish an irrevocable letter of credit in a U. S. bank for an amount equal to 85% of contract price.

"*Delivery*: Late July or August, 1948."

No discussion was had prior to the agreement to purchase with reference to weight, other than as contained in this letter of specifications and proposal to sell the machinery therein described. There was no evidence to indicate other than that the machinery was able to do the work for which it was designed, and in all respects met the requirements of the purchaser as to all features. Each machine weighed only about 40,000 pounds.

The ultimate purchaser of the machinery, which was destined for Egypt, accepted the product only after arbitration proceedings in that country reduced the price of the machinery approximately $6,000.

Marlie Trading, Inc., then brought suit against The Biggs Boiler Works Company to recover the loss it claimed it sustained by reason of the alleged breach of express warranty as to weight of the machinery.

The trial court, at the conclusion of the evidence introduced in behalf of Marlie Trading, Inc., directed a verdict for Biggs Boiler Works Company, and, from the judgment entered on this verdict, an appeal on questions of law is lodged in this court. The assigned errors are as follows:

"1. The trial court erred in directing a verdict for the defendant at the close of plaintiff's case—

"A. in that the trial court held that 'the listing of the weight of the machines at 62,500 pounds each in the offer to sell by the defendant did not constitute a warranty of any material fact as shown by the evidence';

"B. in that the trial court held that 'the listing of the weight of said machines at a figure of 45,000 pounds less than the shipping list prepared by the defendant, or the fact of the lesser weight thereof, did not constitute a breach of warranty.'

"2. The trial court erred in refusing to permit the president of the plaintiff corporation to testify as to the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty.

"3. The trial court erred in overruling plaintiff's motion for a new trial.

"4. Other errors appearing on the face of the record."

As heretofore stated, there was never any mention of weight, or discussion of the subject of weight, by the parties prior to the agreement to purchase the machinery described in the letter of specifications. There was no evidence introduced by Marlie Trading, Inc., to show that the machinery was not efficient in the doing of the work for which such machinery was designed. The parties were not buying iron or steel, they were buying a finished product designed to do a specific task, and for that purpose they, so far as the evidence shows, received all that they requested.

An express warranty is defined by Section 1315.13, Revised Code:

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon.

No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

There is no evidence in the record before us to indicate that the buyer was induced to purchase this machinery because of the weight, or that the buyer relied on the statement of weight in making such purchase. Weight, so far as the record discloses, is not a factor in the operation of rotary digesters, and does not contribute in any way to the efficient, economical operation of the product sold herein.

To allow a jury to guess that the sale was induced by reason of the weight figure at the end of a long list of specifications, is not proper.

The trial court therefore did not commit prejudicial error when it refused to submit the question to the jury.

We believe it was within the province of the court to construe the letter of specifications and decide that the statement as made—to wit, "weight—approximately 62,500 pounds"—did not constitute an express warranty.

Where a contract in writing contains language that is not ambiguous, which language is claimed to be an express warranty within Section 1315.13, Revised Code, it is not error prejudicial to the rights of the appellant for the trial court to determine, as a matter of law, that such language is not an express warranty.

The court said, in *Dayton* v. *Hooglund*, 39 Ohio St., 671:

"1. Whether in a contract of sale made solely by correspondence, there is a warranty as to quality, is a question for the court; and, although parol evidence is not admissible to contradict the agreement, the court may look, not only to the language of the correspondence, but the subject matter of the agreement and surrounding circumstances so as to be able to see the transaction as the parties themselves saw it."

The rule so adopted in Ohio is followed in other jurisdictions. See: *Unadilla Silo Co.* v. *M. A. Hull & Son*, 90 Vt., 134, 96 A., 535; *E. I. DuPont De Nemours & Co.* v. *E. L. Bruce Co.*, 174 Tenn., 148, 124 S. W. (2d), 243.

The appellant claims that the trial court committed error prejudicial to the substantial rights of Marlie Trading, Inc., in refusing to permit its president to testify as to the value of the

machinery as delivered by The Biggs Boiler Works Company.

The record shows that Mr. Hakim, president of Marlie Trading, Inc., did not have any knowledge of rotary digesters, had never purchased, used or dealt in such machinery prior to this purchase.

This court has heretofore said:

"The law is clear that the owner of personal property, because of such ownership, is permitted to testify regarding its value, although such owner is not qualified as an expert witness. The mere fact of ownership creates the competency of the witness. 21 Ohio Jurisprudence (2d), Evidence, Section 476, page 488, and authorities there cited; *Groves* v. *Gray*, 74 Ohio App., 384, 59 N. E. (2d), 166; *Mills* v. *Banks*, 97 Ohio App., 557, 127 N. E. (2d), 773; *Detroit & Ironton Rd. Co.* v. *Vogeley*, 21 Ohio App., 88, 153 N. E., 86; 6 Ohio Jurisprudence (2d), Automobiles, Section 414, page 710; III Wigmore on Evidence (3rd Ed.), Section 716 *et seq.*, page 48." *Butram* v. *Blair*, 106 Ohio App., 57, at p. 58, 148 N. E. (2d), 502.

This rule of evidence, with reference to the owner of personal property testifying to the value of his property, does not, in our opinion, extend to a corporate officer just because he is an officer of the corporation which owns the property about which value testimony is sought in the trial of an action. Of course, a corporate officer who has special knowledge, or is qualified as an expert, may always testify concerning the value of property; but he does so not because of his position, but because of his special qualification.

We do not find any reported case in Ohio on the subject, but from our examination of the cases in other jurisdictions, we find that the rule is: that a corporate officer may not, by reason of his position only, where it is not shown that he has special knowledge of the subject, testify as to the value of corporate property.

See *Omaha Loan & Trust Co.* v. *County of Douglas*, 62 Neb., 1, 86 N. W., 936; *Hellstrom* v. *First Guaranty Bank*, 54 N. D., 166, 209 N. W., 212; 45 A. L. R., 1487; *In re appeal of Dubuque-Wisconsin Bridge Co.*, 237 Iowa, 1314, 25 N. W. (2d), 327; *Newton Girl Scout Council, Inc.*, v. *Massachusetts Turnpike Authority*, 335 Mass., 189, 138 N. E. (2d), 769, at p. 775.

We have examined all the claims of error, and find none prejudicial to the rights of the appellant.

The judgment must therefore be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.