COMBS ET AL., APPELLANTS, *v.* THE CINCINNATI GAS & ELECTRIC COMPANY, APPELLEE.

(No. C-830459—Decided April 11, 1984.)

*Mr. James Andrew Rader,* for appellants.

*Messrs. Taft, Stettinius & Hollister, Mr. Jeffrey S. Creamer* and *Mr. Raymond R. Ashcraft,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

Plaintiffs-appellants, Ralph and Judith Combs, brought the instant action in an effort to recover for damage to a variety of electrically powered household items allegedly caused by an excess of voltage transmitted through a failing transformer. At the conclusion of plaintiffs' case, the trial court granted defendant's Civ. R. 41(B)(2) motion to dismiss, finding that plaintiffs, having failed to prove damages as required by law, except in the amount of $250,[1] did not establish their right to relief. The court then proceeded to enter judgment in favor of the plaintiffs in the amount of $250, the tendered confession of the defendant, and dismissed the balance of plaintiffs' claims.

From this judgment, plaintiffs bring this timely appeal, asserting two assignments of error for our review. We find both assignments to be without merit.

In their first assignment of error, plaintiffs assert that the trial court erred to their prejudice "when at the end of Plaintiff's [*sic*] case, the Court

---

[1] Defendant confessed judgment in the amount of $250 for damage to one television set.

ruled that the Plaintiff [*sic*] had shown no right to relief in that they had failed to prove damages as required by law." At trial, the only evidence plaintiffs introduced as to the value of the allegedly damaged items was the testimony of plaintiff Judith Combs. The well-settled rule regarding the ability of the owner of personal property to testify to its value for purposes of establishing damages was recited most recently by the Ohio Supreme Court in *Bishop* v. *East Ohio Gas Co.* (1944), 143 Ohio St. 541 [28 O.O. 470]. In *Bishop,* the court stated at 546, " '[i]t is established in Ohio that the owner of personal property, because of such ownership, has a sufficient knowledge of its value to be qualified to give an opinion thereon which will be some evidence of the actual value, though not conclusive. * * *' " See, also, *Kohnle* v. *Carey* (1946), 80 Ohio App. 23 [35 O.O. 413].

In two reported cases since *Bishop,* this court has held that the owner of personal property, although not an expert, is a competent witness as to the value of his own property. See *Layton* v. *Ferguson Moving & Storage Co.* (1959), 109 Ohio App. 541 [12 O.O.2d 157]; *Employers' Fire Ins. Co.* v. *United Parcel Service* (1950), 89 Ohio App. 447 [45 O.O. 475]. See, also, *Butram* v. *Blair* (1958), 106 Ohio App. 57 [6 O.O.2d 312]; *Mills* v. *Banks* (1954), 97 Ohio App. 557 [56 O.O. 486]; *Groves* v. *Gray* (1942), 74 Ohio App. 384 [29 O.O. 580]. However, while recognizing the right of the owner of personal property to testify as to the value of the property before and after the damage (see *Mills* v. *Banks, supra* and *Kohnle* v. *Carey, supra; Rospert* v. *Old Fort Mills Inc., infra*), we agree with the conclusion of our brethren in the Third District, who, recognizing that such testimony is not conclusive, stated that it " '* * * is subject to various tests as to the credibility to be attached to it. One of the tests properly available to the defense is a cross-examination of the witness as to the actual cost of the repairs [of the damaged property] and what repairs, in detail, were made." *Rospert* v. *Old Fort Mills, Inc.* (1947), 81 Ohio App. 241, 245 [37 O.O. 72]. See, also, *Kohnle* v. *Carey, supra.*

We find the testimony of plaintiff Judith Combs insufficient to establish the value of the allegedly damaged items. She was indeed able to offer the original cost of the items in question. Arguably, this might have suffered to establish a value before damage. However, we do not find her estimation of the value of the items *after* the alleged time of damage to be probative or credible where she repeatedly testified that she was unable to determine the nature or the extent of any damage to the property in question. When questioned as to the precise cause of harm to certain items (an electric train and stereo speakers), she twice responded that she didn't know, that she was not an electrician, and that the items just didn't work. The problem plaintiff encountered in attempting to testify to the value of the allegedly damaged property without understanding just what kind of damage it had suffered is apparent from the exchange between counsel for the defendant and plaintiff where plaintiff was unable to testify whether her son's electric train had "just quit working" because of damage to the power supply alone, or because of some more extensive damage.

Our review of the record leads us to conclude that Judith Combs' admitted lack of knowledge as to the cause and/or resultant degree of harm to her property left her without a basis for fixing its reasonable value subsequent to the alleged time of its damage. Furthermore, it is notable that, except for the television set for which the defendant confessed judgment, plaintiffs never attempted to determine whether the items in question were at all repairable, or to determine the costs of such repairs, further undermining plaintiff Judith Combs' ability to testify to the salvage

value of the property. Recognizing that the credibility to be given the plaintiff's testimony as to the value of the items in question *after* the time they were allegedly damaged is a matter within the sound discretion of the trial court, we find that the court did not abuse that discretion, under the circumstances, in finding that plaintiff Judith Combs' testimony was insufficient to enable plaintiffs to meet their burden of establishing the value of the items in question after the alleged time of damage. This testimony being the extent of evidence as to the value of the allegedly damaged items, plaintiffs' first assignment of error is overruled.

In their second assignment of error, plaintiffs assert that the trial court erred to their prejudice "by sustaining objections and excluding the competent testimony of an experienced secondhand household appliance dealer as to the value of Appellant's [*sic*] household items." At the time the testimony of the witness in question was sought to be admitted, defendant entered objections of record, which were sustained by the court below. No proffer as to what the testimony of the witness in question would have been was ever made by the plaintiffs. Absent such a proffer, we are unable to determine whether the trial court's actions in excluding the testimony of the witness were prejudicial to the plaintiffs. Therefore, such actions may not be assigned as error. *Banks* v. *Canton Hardward Co.* (1952), 156 Ohio St. 453 [46 O.O. 381]; *Cook* v. *Williams* (1952), 92 Ohio App. 277 [49 O.O. 356]. Plaintiffs' second assignment of error is overruled.

The judgment of the court below is accordingly affirmed.

*Judgment affirmed.*

PALMER, P.J., BLACK and DOAN, JJ., concur.