SHIMOLA, APPELLANT, *v.* NATIONWIDE INSURANCE CO., APPELLEE.

[Cite as Shimola *v.* Nationwide Ins. Co.
(1986), 25 Ohio St. 3d 84.]

(No. 85-1064—Decided July 23, 1986.)

*Wuliger, Fadel & Beyer, William D. Beyer* and *Roger L. Kleinman,* for appellant.

*Arter & Hadden, Hugh M. Stanley* and *Irene C. Keyse-Walker,* for appellee.

*Per Curiam.* The primary issue presented by this appeal is whether the $160,000 punitive damages award was properly vacated by the court of appeals. We hold that the award was properly vacated and affirm the decision of the court of appeals.

The court of appeals vacated the trial court's award of punitive damages "on the ground that the insured failed to prove that he sustained actual damages that stemmed from Nationwide's failure to honor his claim." We agree. It is well-established that " '[e]xemplary or punitive damages may not be awarded in the absence of proof of actual damages.' " *Bishop* v. *Grdina* (1985), 20 Ohio St. 3d 26, 27, upholding paragraph one of the syllabus in *Richard* v. *Hunter* (1949), 151 Ohio St. 185 [39 O.O. 24]. See, also, *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77. Thus, in the instant action, appellant was required to prove that he suffered a harm distinct from the breach of contract action and attributable solely to the alleged tortious conduct of appellee.

Appellant initially contends that he did prove appellee's failure to honor his claim caused him to incur attorney fees, deposition costs, interest on unpaid debts, lost profits and a loss of credit. We find no merit in this contention. Appellant places great emphasis on *Bishop* v. *East Ohio Gas Co.* (1944), 143 Ohio St. 541 [28 O.O. 470], in support of his position. This court stated in *Bishop*: " 'It is established in Ohio that the owner of personal property, because of such ownership, has a sufficient knowledge of its value to be qualified to give an opinion thereon which will be some

evidence of the actual value, though not conclusive.* * *' " *Id.* at 546. While we do recognize appellant's right as the owner of the personal property to testify as to the value of the property, we do not find his testimony to be conclusive as proof of actual damages. Such testimony is mere conjecture at best. The court of appeals concluded that "the insured's contention that he incurred lost profits in the amount of $434,000, sustained $4,000 in legal fees (for depositions) [,] was forced to sell two tractors, and incurred a debt of $12,000 to his mover were not substantiated and were merely based on his own self-serving statements." We arrive at a similar conclusion. Appellant did not prove that he sustained any actual damages nor did the jury make an award of actual damages for appellee's failure to settle. Therefore, the award of punitive damages cannot be sustained.

Appellant presents three additional propositions of law. First, appellant contends, "[t]he jury's failure to state separately compensatory damages arising from Nationwide's tortious conduct was entirely due to the verdict form provided by the court." However, at trial, appellant did not object to the use of the verdict form or request jury interrogatories. To hold that the jury intended to include an award of actual damages in the punitive damages amount would be pure speculation and this court will not adopt such a holding. Second, appellant avers that we should abandon the established law of Ohio and reinstate the award of punitive damages without proof of specific compensatory damages. We decline to adopt this view. "Punitive damages are awarded as punishment for causing *compensable harm* and as a deterrent against similar action in the future." (Emphasis added.) *Bishop* v. *Grdina, supra,* at 28.

Finally, we also disagree with appellant's contention that the court of appeals erred by reversing on the weight of the evidence and failing to remand for further proceedings on the damages issue. The court of appeals reversed the judgment of the trial court as a matter of law. App. R. 12(B) provides in pertinent part: "* * * When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered * * *." Appellant failed to establish proof of actual damages and no actual damages were awarded by the jury for the alleged bad faith conduct. The court of appeals vacated the punitive damages award as a matter of law because proof of actual damages was absent. Therefore, the court of appeals did not err in failing to remand on the issue of damages.

Accordingly, we hold that the $160,000 punitive damages award was properly vacated and affirm the decision of the court of appeals.[3]

*Judgment affirmed.*

---

[3] By affirming the court of appeals' decision to vacate the punitive damages award, the

SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., dissents.

CELEBREZZE, C.J., dissenting. In vacating the award of punitive damages, the majority dismisses appellant's proof of actual damages as "mere conjecture." It is regrettable that more careful consideration was not given to each item of damage enumerated by appellant in his testimony. I believe that the record does demonstrate sufficient proof of actual bad faith damages to support the jury's punitive damages award.

Appellant Shimola first stated that as a result of Nationwide's failure to pay his claim he incurred interest charges on a debt he was unable to pay and suffered the loss of some $400,000 in future profits from the destruction of his business. Although this particular testimony was largely unsubstantiated and speculative, all of appellant's evidence of damages should not be tarred with the same brush.

Shimola also testified that as a result of Nationwide's refusal to pay his claim, he did not have the capital to move and renovate one house which he had previously purchased in 1980. Had the house been moved and renovated, Shimola stated, it would have had a value of approximately $35,000. By the time of trial, weather had destroyed the home and its value had been reduced to firewood. This testimony was perfectly acceptable evidence of actual damage relating to the loss in value of his property.

In *Bishop* v. *East Ohio Gas Co.* (1944), 143 Ohio St. 541, 546 [28 O.O. 470], this court held that the owner of personal property has sufficient knowledge of its value to be qualified to give an opinion which, though not conclusive, is some evidence of the actual value of that property. In *Bishop,* the appellant's business was selling lactic acid cultures. In presenting evidence of damage to that business, the only testimony as to its value came from the appellant, who had alleged in his complaint that the business was worth $25,000. This court, in allowing the jury to consider this evidence in determining damages stated at 546 as follows:

" 'If a man may testify as to the value of his visible property, he may testify as to the value of his invisible property with equal or even greater propriety, because in the latter case it would be difficult to get any other testimony.' "

The principles of *Bishop* are well-settled and have been followed by the courts of this state. See, *e.g., Kohnle* v. *Carey* (1946), 80 Ohio App. 23 [35 O.O. 413]; *Employers' Fire Ins. Co.* v. *United Parcel Service* (1950), 89 Ohio App. 447 [45 O.O. 475]; *Layton* v. *Ferguson Moving & Storage Co.*

---

issue of whether prejudgment interest can be assessed on the punitive damages award is moot and will not be addressed.

(1959), 109 Ohio App. 541 [12 O.O.2d 157]; *Combs* v. *Cincinnati Gas & Elec. Co.* (1984), 16 Ohio App. 3d 98.

In the instant case, Shimola testified that a house he had purchased but was unable to move or renovate as a consequence of Nationwide's tortious conduct had a value of approximately $35,000 before the tort and about twenty dollars after the tort. This was credible evidence as to the diminished value of a specific piece of property owned and in the process of being readied for resale.

Shimola was certainly qualified to testify as to the value of that property. He had a career as a corporate systems analyst, specializing in accounting, with a large international company. His undergraduate degree was in business. He had been moving, renovating and reselling such houses since 1975 and, based on this experience, was well familiar with the potential worth of the various homes he purchased.

Further, as stated by the court of appeals in *Rospert* v. *Old Fort Mills, Inc.* (1947), 81 Ohio App. 241, 245 [37 O.O. 72], opinion testimony by an owner on the value of his property "is subject to various tests as to the credibility to be attached to it. One of the tests properly available to the defense is a cross-examination of the witness * * *." Significantly, counsel for Nationwide did not challenge appellant's valuation of the house on cross-examination.

Appellant's opinion should not be summarily discounted solely because it was his own. Nor should it be discounted because his opinion was the only evidence of damages in this regard. *Bishop, supra.* His testimony as to this item of his damages was not mere speculation. It was based on his practical experience in a unique field and on his training in business and accounting. It was unrebutted. It established with reasonable certainty the fact of actual damages and an amount of actual damages with respect to this house sufficient to support the jury's award of punitive damages.

I also take issue with the majority's contention that the award of punitive damages was improper because the jury failed to award actual damages flowing from the tort of bad faith. The majority claims that "[t]o hold that the jury intended to include an award of actual damages in the punitive damages amount would be pure speculation * * *." I disagree.

The fact of the matter is that this is exactly what the jury was instructed to do. Twice during its charge, the trial court stated as follows:

*"If you award punitive damages you must also, you may include therein an award for actual damages* and a reasonable amount for attorney fees of counsel."

"* * *

*"If you award punitive damages, you may consider and include therein an amount for consequential damages* and attorneys fees." (Emphasis added.)

The majority further contends that appellant should have established the amount of actual damages which was included in the punitive damages

award by requesting jury interrogatories. Yet, Nationwide also had good reason to test the legal sufficiency of the punitive damages award against it by way of jury interrogatories. Nationwide itself failed to point out to the trial court one of the errors it claimed on appeal from the verdict, that is, that no separate award of actual damages for bad faith had been made.

The majority has made a perfunctory review of this case and has substituted its judgment as to the sufficiency of proof of actual bad faith damages presented by appellant. What this court should have done was to examine carefully appellant's testimony. Actual damages flowing from Nationwide's bad faith were demonstrated with reasonable certainty. Pursuant to the trial court's instructions, those actual damages were included within the punitive damages award. The jury's award of punitive damages therefore should have been sustained.

For the foregoing reasons I respectfully dissent.