JOURNAL ENTRY AND OPINION
Mohammad Maswadah appeals from a judgment of the common pleas court entered pursuant to a jury verdict in favor of American Trading Investment Corp., Dr. Azzam Ahmed, and Marshall Electrical, Inc. for injuries Maswadah received at the Ponderosa Steak House Restaurant in Twinsburg, Ohio, when a circuit breaker exploded as he attempted to repair it. Maswadah complains on appeal that the trial court erred in denying his motion for a new trial because the court permitted a defense expert to testify to matters beyond the scope of the expert's report and also erred in failing to grant a motion in limine regarding a jury instruction on spoliated evidence. After a careful and thorough review of the record and the law, we affirm the judgment of the trial court in this case.
The history of the case reveals that Dr. Ahmed, the sole shareholder of American Trading Investment Corp., a holding company for businesses that he operates including the Ponderosa Steak House Restaurant, contracted with Marshall Electrical, Inc. who hired Maswadah to upgrade the electrical wiring at Ponderosa prior to its opening in January, 1994. After Ponderosa opened for business, American Trading employed Maswadah at the restaurant as an electrician until Nemir Ahmed, the assistant manager and Dr. Ahmed's nephew and the assistant manager at Ponderosa, terminated Maswadah because of a feud with another employee.
Following his termination, Nemir Ahmed complained to Maswadah about electrical problems with the bun warmers and offered to pay Maswadah to correct the problem. Maswadah agreed, and on August 14, 1994 as he attempt to repair the warmers, a circuit breaker exploded. Maswadah received second and third degree thermal and electrical burns to his face, torso, and arms.
On August 6, 1995 Maswadah filed a complaint against American Trading, Dr. Ahmed, Marshall Electric and Ponderosa, which he subsequently amended to include Gilrob Building Methods, Inc, the City of Twinsburg, Electro-Mech Engineering and ConTects Consult Architects.
On December 19, 1997 in preparation for trial, Maswadah filed a motion in limine requesting a jury instruction on spoliation of evidence because the panel board that Maswadah tried to repair before the explosion could not be located or produced. The court denied the motion. On January 6, 1998, the court tried the case, and the jury returned a defense verdict.
On January 23, 1998, Maswadah filed a motion for judgment notwithstanding the verdict and, alternatively, a motion for new trial, which the court denied. From this decision, Maswadah now appeals and assigns two errors for our review.
The first assignment of error states:
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND ALTERNATIVELY MOTION FOR A NEW TRIAL AND DENYING PLAINTIFF'S OBJECTION AT TRIAL PER LOCAL RULE 21.1.
Maswadah contends that the trial court erred because it denied his motion for judgment notwithstanding the verdict and for a new trial after it permitted Dolence, the defense expert, to testify beyond the scope of his report during trial. The appellees respond to this assignment of error as follows: Marshall Electric maintains that Maswadah, by failing to proffer Dolence's report into evidence cannot claim error on appeal and, joining Dr. Ahmed and American Trading, argues further that Dolence did not testify beyond his report. The issue here concerns whether the court erred in denying Maswadah's motion for judgment notwithstanding the verdict and motion for new trial by permitting Dolence to testify beyond the scope of his report.
We begin our review of these claims by examining Banks v.Canton Hardware Co. (1952), 156 Ohio St. 453, where the Ohio Supreme Court addressed the issue of proffer and held:
 It is true that ordinarily an alleged error by the trial court * * * is not reviewable in the absence of a profert [sic] of the desired evidence, as in the absence of such profert [sic] a reviewing court cannot determine whether the action of the trial court was prejudicial.
See, also, Combs v. Cincinnati Gas Elec. Co. (1984), 16 Ohio App.3d 98.
The court in Smart v. Nystrom (1997), 119 Ohio App.3d 738,741, stated:
 It is almost axiomatic that the appellant bears the burden of providing a record which demonstrates the claimed error. * * * Moreover, when portions of the transcript necessary for resolution of assigned errors are omitted from record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
In this case, Dolence's report is not part of the record, and counsel for Maswadah did not proffer the report at trial to preserve the issue for appeal. Absent the report, we cannot determine whether or not the defense expert testified beyond the scope of his written report, and we presume the validity of the trial court's proceeding. Accordingly, this assignment of error is not well taken.
The second assignment of error states:
 THE ASSIGNED TRIAL COURT, JUDGE EILEEN A. GALLAGHER, ERRED IN HER RULING DENYING PLAINTIFF'S MOTION IN LIMINE REQUESTING AN ADVERSE INFERENCE INSTRUCTION DUE TO DEFENDANT ATIC/AHMAD/MARSHALL ELECTRIC, INC.'S SPOLIATION OF EVIDENCE.
Maswadah contends that because Marshall, American Trading, and Dr. Ahmed failed to preserve the panel board as evidence, the court should have instructed the jury on spoliation of evidence. Marshall argues that Maswadah failed to preserve his objection as to the court's ruling on his motion in limine during the trial or at the time of the jury charge and did not include the proposed jury instruction in the record for appeal. American Trading and Dr. Ahmed maintain that Maswadah failed to preserve the error at trial, and there was no evidence of spoliation. The issue here concerns whether the court erred when denied Maswadah's motion in limine requesting a jury instruction concerning the spoliation of evidence.
We begin our review of this claim by examining Cherovsky v. St.Luke's Hosp. (Dec. 14, 1995) Cuyahoga App. No. 68326, unreported, where the court stated:
 [I]t is within the sound discretion of the trial court to refuse to admit proposed jury instructions which are either redundant or immaterial * * *. Bostic v. Connor
(1988), 37 Ohio St.3d 144, 148.
* * *
 A trial court must give jury instructions which are a correct and complete statement of the law. * * * An inadequate jury instruction which, in effect, misleads the jury, constitutes reversible error. Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312. The trial court may properly refuse a requested charge which is unintelligible, incomplete or argumentative or which might prove misleading or confusing to the jury. Pickering v. Cirell (1955), 163 Ohio St. 1, 4.
* * *
 The unexplained failure or refusal of a party to judicial proceedings to produce relevant and competent documentary evidence or an article which would tend to throw light on the issues authorizes, under certain circumstances, an inference or a presumption unfavorable to such party.
* * *
 Further, it must appear that there has been an actual suppression or withholding of the evidence; no unfavorable inference arises where the circumstance indicate that the document or article has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for * * *.
In Collins v. Storer Communications, Inc. (1989), 65 Ohio App.3d 443,446, the court stated:
 A motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issues. * * * Accordingly, a proponent * * * must seek the introduction of the evidence by proffer or otherwise at trial in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal.
See, also, Gibson v. Gibson (1993), 87 Ohio App.3d 426, 430-31.
Moreover in Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, the court stated:
 Civ. R. 51(A) provides that on appeals, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically that matter objected to and the grounds of the objection. Similarly, we have long recognized * * * that failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal.
In this case, the record does not contain evidence that American Trading, Dr. Ahmed, or Marshall actually or intentionally suppressed or withheld the damaged panel board or any equipment involved in the explosion. The record supports the inference that several agencies, including the police and fire departments, had access to the panel board. Since the record does not support an inference of intentional concealment, the court had no obligation to instruct on spoliation. Also, the record reflects that Maswadah failed to object to the jury instructions before the jury retired, and has failed to properly present this issue for appeal. Accordingly, we conclude this assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., C0NCURS; DIANE KARPINSKI, J., CONCURS WITHCONCURRING OPINION
 ______________________ JUDGE TERRENCE O'DONNELL