On July 19, 1999, appellants, Richard and Eloise Leffel, and appellees, Rory and Shelly Patterson, entered into an Asset-Purchase Agreement. Within said agreement, appellees promised to pay $125,000 for appellants' business, Woodlawn Carpet Company. Appellees were obligated to pay $20,000 as a down payment and then forty-eight monthly installments in the amount of $2,588.07. Payments were to begin on October 15, 1999. Instead of making payments to appellants, appellees placed their payments in escrow.
On March 15, 2000, appellants filed a complaint against appellees claiming breach of contract. On April 13, 2000, appellees filed an answer and counterclaim, claiming appellants failed to convey the premises in good condition, failed to deliver certain inventory, failed to provide certain documents and invoices, violated the non-compete provision of the agreement, and failed to convey the right to the business name.
A bench trial before a magistrate commenced on June 5, 2000. Just prior to opening statements, appellees made an oral motion to allege fraud and sought punitive damages. The magistrate took the motion under advisement.
By judgment entry filed June 29, 2000, the magistrate found for appellees on the complaint and on their counterclaim. The magistrate found appellees were entitled to $2,252.66 for damages resulting from appellants' failure to make repairs, $25,000 for violating the non-compete provision, $10,000 in punitive damages and $12,187.50 in attorney's fees. The damages awarded to appellees as against appellants totaled $49,440.16. The last statement of the judgment entry stated it was a final, appealable order. The trial court signed the judgment entry under the magistrate's signature. No objections were filed.
Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS WHEN IT APPOINTED A MAGISTRATE TO HEAR THE TRIAL OF THIS MATTER WITHOUT AN ORDER OF REFERENCE.
 II. THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF THE PLAINTIFFS-APPELLANTS WHEN IN ADOPTED THE MAGISTRATE'S DECISION AND ENTERED JUDGMENT WITHOUT ALLOWING APPELLANT TIME TO FILE OBJECTIONS.
 III. THE TRIAL COURT COMMITTED PLAIN ERROR AND ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT-APPELLEE'S ORAL MOTION AT THE COMMENCEMENT OF THE TRIAL TO INCLUDE A FRAUD CLAIM.
 IV. THE TRIAL COURT'S AWARD OF PUNITIVE DAMAGES IN THE AMOUNT OF $10,000 TO DEFENDANTS-APPELLEES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 V. THE TRIAL COURT'S AWARD OF COMPENSATORY DAMAGES IN THE AMOUNT OF $25,000 TO DEFENDANT-APPELLEES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 VI. THE TRIAL COURT COMMITTED ERROR AND ABUSED ITS DISCRETION WHEN IT FAILED TO FIND FOR THE PLAINTIFFS-APPELLANTS ON THEIR BREACH OF CONTRACT ACTION.
 I
Appellant claims the magistrate lacked the authority to hear the matter because no order of reference had been made. We disagree.
There was no objection to the magistrate hearing the matter nor any objection to the trial court after the filing of the decision. Civil plain error is defined in Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus, as "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." The Goldfuss court at 121, explained the following:
 The plain error doctrine originated as a criminal law concept. In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.
Civ.R. 53(C) governs reference and powers of magistrates. Subsection (1)(a)(ii) states as follows:
(1) Order of reference
 (a) A court of record may by order refer any of the following to a magistrate:
(ii) the trial of any case that will not be tried to a jury;
No order of reference is recorded on the docket of the case nor do the local rules of court refer to any general orders of reference. Loc.R. 13.06 of the Court of Common Pleas of Stark County, General Division, requires a pretrial summary in judgment entry form to be filed after a pretrial. Although a pretrial was scheduled wherein appellees argue there was an agreement of reference to a magistrate, no pretrial summary is contained in the record.
Because appellants appear to have consented to the trial by a magistrate, as demonstrated by no objection in the record, we find the lack of an order of reference is not fatal error.
Assignment of Error I is denied.
 III
Appellant claims the magistrate erred in permitting appellees to amend their counterclaim at the commencement of the trial to include a claim for fraud. We disagree.
Civ.R. 15(A) permits amendments of pleadings upon leave of court and such leave is to be "freely granted." Further, Civ.R. 15(B) provides that at trial, a pleading may be amended to conform to the evidence.
At the commencement of trial, the following exchange took place between counsel for appellees and the magistrate:
 MR. GINELLA: Just briefly, your Honor, if I could make a Motion prior to Opening Statements, your Honor, about another preliminary matter that I failed to discuss with the court. Initially, your Honor, when this Complaint was filed, the Defendants filed a Counterclaim against the Leffels. We filed a Complaint to that effect. During the discovery process it became clear that there was fraud that was being done. And we'd like to include a fraud claim in our case in chief today. We will present evidence with regards to that.
MAGISTRATE PARK: Do you have Amended Pleadings to that effect?
 MR. GINELLA: I'll have to make an oral Motion to that effect. It became evident only in the depositions just of late. And we had discussions with Mr. Asper's office. And we'll be prepared to present evidence with regards to that.
No objection was made and the magistrate took the matter under advisement.Within the judgment entry filed June 29, 2000, the magistrate never made a finding of fraud and granted judgment to appellees on the two issues raised in the counterclaim — breach of agreement for failing to convey the business premises in good condition and working order and for violating the non-compete provision. Because the magistrate's judgment entry never addressed the issue of fraud, we find the amendment to so include the claim was not error.
Assignment of Error III is denied.
 II, IV, V, VI
In Assignments of Error IV and V, appellants challenge some factual issues found by the magistrate. Because appellant failed to file objections to the magistrate's decision pursuant to Civ.R. 53(E)(3)(a), the trial court had the authority under Civ.R. 53(E)(4)(a) to accept the findings of the magistrate:
(E) Decisions in referred matters
 Unless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision. Except as to those matters on which magistrates are permitted to enter orders without judicial approval pursuant to division (C)(3) of this rule, all matters referred to magistrates shall be decided as follows:
(4) Court's action on magistrate's decision
 (a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
Therefore, our review is limited solely to an error of law or other defect on the face of the magistrate's decision.
In Assignment of Error II, appellants argue they are relieved from following Civ.R. 53 because the trial court signed the magistrate's decision immediately, there was a notation on the judgment entry that it was a final appealable order and the clerk sent notice to the parties thereof. We find the mere placing of the words "final appealable order" does not negate the mandates of the civil rules. Civ.R. 53(E)(4)(c) specifically allows the trial court to sign a magistrate's decision immediately and stay any execution of the judgment upon the filing of objections:
 (C) Permanent and interim orders. The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. The court may make an interim order on the basis of the magistrate's decision without waiting for or ruling on timely objections by the parties where immediate relief is justified. An interim order shall not be subject to the automatic stay caused by the filing of timely objections. An interim order shall not extend more than twenty-eight days from the date of its entry unless, within that time and for good cause shown, the court extends the interim order for an additional twenty-eight days.
Further, App.R. 4(B)(2) provides for the tolling of the time for filing an appeal of a judgment issued under Civ.R. 53(E)(4)(a). Accordingly, Assignment of Error II is denied.
In the judgment entry filed June 29, 2000, the magistrate found on the issue of damages regarding the non-compete provision as follows:
 The Agreement contained a noncompetition clause in paragraph 13 of the Agreement. Plaintiffs were not to engage in any business or activity in competition within Stark County, directly or indirectly, for himself or a third party for a period of three (3) years. Plaintiffs sold about $60,000 dollars worth of carpet in August, 1999, prior to closing on September 1, 1999.
 Sales have not yet reached the level they were prior to the closing. Sales were down immediately following closing as well as during the traditionally peak months of October, November and December. Although evidence was submitted as to the total loss of business since the closing, no evidence was submitted as to the amount of loss attributable to Plaintiff's activity or as to the Defendants' assumption as the new business owner. (Emphasis added.)
On this damages issue, the magistrate then awarded compensatory and punitive damages as follows:
 In light of the foregoing, the court concludes that Defendants have prevailed on both Plaintiffs' claim against them and on their counterclaims against Plaintiffs. Defendants are entitled to judgment in the amount of $2,252.66 for reimbursement for repairs, $25,000 in compensatory damages for Plaintiffs' violation of the non-compete provision, $10,000 in punitive damages, and attorney fees in the amount of $12,187.50 pursuant to Paragraph 23 of the Agreement.
Clearly the finding of no evidence of proven loss of business is in contradiction to the award of compensatory damages. Therefore, the amount of compensatory damages on the claim of violating the non-compete provision had no foundation in fact and was unlawful.
The award of punitive damages requires the finding of some compensatory damages. Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440;Shimola v. Nationwide Ins. Co. (1986), 25 Ohio St.3d 84. Therefore, on the face of the magistrate's decision, the award of punitive damages was unlawful.
Upon review, we find the award of $25,000 in compensatory damages and $10,000 in punitive damages was unlawful. Accordingly, Assignments of Error IV and V are granted.
Assignment of Error VI relates to the escrowing of payments by appellees. Appellants argue the escrowing was a breach of the agreement. Because this assignment attacks the sufficiency of the evidence and the facts found by the magistrate, we are unable to review it under Civ.R. 53(E)(3)(b). Assignment of Error VI is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part. Judgment is entered for appellees in the amount of $14,440.16 as against appellants.
 _________________ Farmer, J.
Gwin, P.J. and Hoffman, J. concur.